METROPOLITAN LIFE INSURANCE COMPANY *vs.*
COMMONWEALTH.

Suffolk.   January 15, 1908. — May 18, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Tax,* Assessment, Insurance companies.   *Corporation,* Tax on insurance companies.
*Insurance.   Statute.*

Section 24 of R. L. c. 14, which provides that a foreign insurance company doing business in this Commonwealth shall pay an annual excise tax of one quarter of one per cent of the net value of all policies of the company held by residents of the Commonwealth, and § 28 of the same chapter, which provides that such a company, if the State of its incorporation imposes a tax upon the premium receipts of Massachusetts insurance companies doing business therein, shall pay a tax "upon all premiums charged or received upon contracts made in this Commonwealth, at a rate equal to the highest rate so imposed during the year," are not cumulative; and in no case should a tax be assessed upon a foreign insurance company under § 28, unless the amount thus assessed would be greater than a tax assessed according to § 24, and, if a tax is assessed under § 28, no tax should be assessed under § 24.

An insurance company incorporated in New York had been engaged in business in this Commonwealth since 1867, but, because New York imposed no tax upon premium receipts of Massachusetts insurance companies doing business there, up to 1902 it had paid no tax under R. L. c. 14, § 28, and the statutes which it superseded, which provided that a foreign insurance company doing business in this Commonwealth, if the laws of the State of its incorporation imposed a tax upon the premium receipts of Massachusetts insurance companies doing business therein, should "annually, so long as such laws continue in force, pay a tax or excise upon all premiums charged or received upon contracts made in this Commonwealth, at a rate equal to the highest rate so imposed during the year." By a statute of New York, Massachusetts insurance companies doing business therein were compelled to pay a tax equal to one per cent on all premiums received during the preceding year on all policies issued after January 1, 1902. The tax commissioner of this Commonwealth thereupon assessed the New York company at the rate of one per cent on all premiums received by it during the year 1902 on policies in force in this Commonwealth, whether they were made before or after January 1, 1902. *Held,* that the assessment should have been made at such a rate that the total amount assessed to the company should not have exceeded one per cent of the premiums received by it from policies made by the company in this Commonwealth after January 1, 1902, only.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk November 26, 1906, under R. L. c. 14, § 67, as

amended by St. 1906, c. 349, seeking the repayment to the petitioner of taxes alleged by it to have been assessed illegally and paid by it under protest in the years 1902, 1903, 1904.

There was a hearing before *Sheldon,* J., on agreed facts. It appeared that the petitioner had been authorized to engage in insurance business in this Commonwealth in 1867, and since then had been doing so; that, previous to 1902, it had paid in this Commonwealth a tax assessed under the provisions similar to those in R. L. c. 14, § 24, only. In October, 1901, Session Laws of New York for 1901, c. 118, went into effect, which imposed upon domestic and foreign insurance corporations doing business in the State of New York a tax equal to one per cent of all premiums received on contracts made with residents of New York after January 1, 1902. Thereupon a tax was assessed upon the petitioner in this Commonwealth under R. L. c. 14, § 28, but equal to one per cent of all premiums received by the petitioner after January 1, 1902, upon contracts in this Commonwealth, without regard to when the contracts were made.

The tax which would have been due from the petitioner if assessment had been made under R. L. c. 14, § 24, would have been, in 1902, $12,338.57; in 1903, $14,728.37; in 1904, $18,026.07. The amount which would have been due if the tax had been assessed for one per cent of the amount of premiums on policies issued after January 1, 1902, only, would have been, in 1902, $3,543.63; in 1903, $9,960.50; in 1904, $15,830.86. The amount which was assessed, and which the petitioner paid under protest, was, in 1902, $36,184.64; in 1903, $39,628.17; in 1904, $43,844.31. The petitioner contended that assessment should have been made only under R. L. c. 14, § 24, and therefore that it should be paid back, on account of the payment in 1902, $23,846.07, on account of the payment in 1903, $24,899.80; and on account of the payment in 1904, $25,818.24.

The presiding justice reserved the case for consideration of the full court.

The case was argued at the bar in January, 1908, before *Knowlton,* C. J., *Hammond, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*G. W. Cox*, for the petitioner.

*D. Malone*, Attorney General, *F. T. Field*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.  The decision of this case involves two questions: First, whether the taxation upon insurance companies incorporated in other States, provided for in the R. L. c. 14, §§ 24, 28, is to be imposed under both sections, and taxes are to be collected of the companies under each section, or whether the sections provide two separate and independent modes of taxation, of which one only can be adopted in any particular case, so that the Commonwealth has no right to collect under § 28 unless the amount assessable under that section is larger than the amount that would be payable under § 24.  Secondly, whether the rate named in § 28 is to be so construed as to impose a heavier burden of taxation upon the company, in proportion to the premiums charged and received, than is imposed upon Massachusetts companies by the laws of the State in which the foreign company is incorporated.

Section 28 is as follows : " A life insurance company, association or partnership, incorporated or associated by virtue of any other State of the United States, by the laws of which a tax is imposed upon the premium receipts of life insurance companies chartered by this Commonwealth and doing business in such State, or upon their agents, shall annually, so long as such laws continue in force, pay a tax or excise upon all premiums charged or received upon contracts made in this Commonwealth, at a rate equal to the highest rate so imposed during the year."

The history of the legislation of which § 28 is a part makes it plain that the section was intended only to create reciprocal relations between the taxation of our domestic companies in another State and the taxation of similar companies of that State in this Commonwealth.  It seems clear that the taxation resorted to under this statute is to be the only taxation to which the foreign company should be subjected.  The section was enacted in substantially its present form in the St. 1873, c. 141, before the provision for taxation upon the net value of policies, now contained in § 24, was made by the St. 1880, c. 227.  The latter statute did not repeal the former one, and both were included in Pub. Sts. c. 13, §§ 25–31, and re-enacted in the Revised

Laws. The effect of the Attorney General's contention would be to tax all companies, foreign and domestic, under § 24, in the form of an excise upon the net value of their policies, at such a rate as is deemed proper for the franchises which they enjoy; but, if a tax is imposed on Massachusetts companies by another State in another form, namely, upon their premium receipts, the companies incorporated in that State and doing business in Massachusetts would also be taxed in this form at the same rate as our companies are taxed there, while no other foreign companies would pay any tax of this kind in Massachusetts. This would be very unjust.

The first provision in Massachusetts on this subject is found in the St. 1856, c. 252, § 47, and it requires " the same taxes, fines, penalties, deposits, and obligations " of foreign companies doing business in Massachusetts as are imposed on Massachusetts companies doing business in the other State. This law was continued unchanged in the Gen. Sts. c. 58, § 70. In Pub. Sts. c. 119, § 215, the language is " like fines, fees, penalties, deposits, obligations, and prohibitions (not being less in amount than those required by other provisions of law of this Commonwealth in similar cases) are imposed," etc. All these provisions are intended to be reciprocal, and to govern the subject of taxation upon companies incorporated in other States, where taxation upon premium receipts is imposed upon Massachusetts companies to an amount greater than the taxation of net values under § 24. The practice of the insurance commissioner, to claim the tax under § 28 only when the amount due under that section exceeds the amount due under § 24, and to claim nothing under § 24 if taxation is imposed under § 28, is correct. The two sections are not cumulative.

The statute of New York which introduced the taxation under § 28 went into effect October 1, 1901, and, as interpreted by the Court of Appeals of that State in *People* v. *Miller*, 179 N. Y. 227, it imposes a tax of one per cent upon premiums received during the calendar year 1902, on all contracts made after January 1 of that year. The court held that the statute did not include premiums paid upon pre-existing policies, and that the time was to be reckoned only from the beginning of the calendar year. The case before the court was that of a domestic

company. The Attorney General of New York and the comptroller hold that the decision is applicable to foreign companies, and we so understand it.

The question now to be decided is whether our taxation under § 28 shall be at a rate equivalent to one per cent upon all premiums charged or received upon contracts made in this Commonwealth, after similar taxation began under the law of New York, or one per cent upon the premiums charged or received upon such contracts, and also upon pre-existing contracts.

There is much ground for contending, for reasons given in the case just cited, that the expression " charged or received upon contracts made in this Commonwealth " means charged or received upon contracts made in this Commonwealth only while " such laws continue in force." With that construction the one per cent would be computed only upon the premiums on contracts made after January 1, 1902.

We think it very plain that the object of the statute is to make the rate of taxation under this section no more burdensome upon foreign companies here than the like rate is upon companies of Massachusetts doing business in the foreign State. If we should adopt the contention of the Attorney General that the expression " contracts made in this Commonwealth " means, not only contracts made after the foreign law took effect, but also previously existing contracts, we should be constrained to hold that the " rate equal to the highest rate so imposed " in the foreign State is such proportion of one per cent as the amount of premiums charged or received on account of the new contracts bears to the amount charged or received on account of all contracts, including those previously existing. In that way we should reach the same result. If we are to compute the tax here upon premiums charged and received from all contracts, we should compute it at the rate imposed under the rule in the foreign State, applying this rule with a modification of the per cent named, rendered necessary by the application of it to premiums from all contracts. That rule, showing the rate to be put upon the company, would give us a fractional part of one per cent determined by the proportion stated above. As applied to premiums charged and received from all contracts, that would be the rate imposed under the rule in the foreign State.

We do not find it necessary to consider the constitutional objections argued by the petitioner, for, if we assume the statute to be constitutional, inasmuch as the tax under § 24 was larger than could be assessed lawfully under § 28, the petitioner is entitled to recover according to its claim. Legislation in a different form, bearing upon this subject, has been enacted in the St. 1907, c. 576, § 90. In the opinion of a majority of the court there should be a

*Decree for the petitioner.*