[No. 22952. Department Two. March 4, 1931.]

PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALI-
FORNIA, *Respondent*, v. THE STATE OF WASH-
INGTON, *Appellant*.[1]

*The Attorney General* and *E. W. Anderson, Assist-
ant,* for appellant.

*Ryan, Desmond & Ryan,* for respondent.

[1]Reported in 296 Pac. 813.

BEALS, J.—Plaintiff is an insurance company, organized under the laws of the state of California, and regularly licensed to write insurance in the state of Washington.

This action requires a construction of the so-called insurance retaliatory statute, Rem. Comp. Stat., § 7092, which reads as follows:

"If, by the laws of any other state, any taxes, fines, penalties, licenses, fees, deposits, or other obligations or prohibitions, in the aggregate, additional to or in excess of those imposed by the laws of this state, upon foreign insurance companies and their agents and solicitors, are imposed on insurance companies of this state and their agents doing business in such state, like obligations and prohibitions shall be imposed upon all insurance companies of such state and their agents doing business in this state, so long as such laws remain in force."

Plaintiff seasonably filed with the insurance commissioner its annual statement, showing the insurance which it had written during the year 1929, as required by Rem. Comp. Stat., § 7071, which provides for an annual tax of 2.25 per cent upon the gross premiums received. Computed on this basis, the tax due from plaintiff for the year 1929 amounts to $18,886.87, but, as the state of California imposes a similar tax upon the gross premiums received by foreign insurance companies doing business in that state, computed on the basis of 2.60 per cent thereof (Deering's Political Code, §§ 3664-b and 3668-b), the insurance commissioner, proceeding under Rem. Comp. Stat., § 7092, *supra,* deemed it his duty to impose upon plaintiff an additional tax, based upon the difference between 2.25 per cent, as provided by § 7071, *supra,* and 2.60 per cent, as provided by the laws of California.

Plaintiff paid the tax as imposed by the insurance commissioner, and brought this action to recover

$396.94, the difference between 2.25 per cent of its gross premiums and the tax as demanded by the insurance commissioner, which difference plaintiff had paid under protest. A demurrer to plaintiff's complaint was interposed by defendant, which the superior court overruled, whereupon defendant stood upon its demurrer and refused to plead further. Judgment was entered in accordance with the prayer of plaintiff's complaint, from which judgment defendant appeals.

It is conceded that, under the law of California, the fiscal year establishing the twelve months period during which the gross receipts of insurance companies shall be reported for the purpose of computing the tax due thereon, ends December 31st of each year, and, in this particular, corresponds with the law in this state. The California law, however, while imposing a tax of 2.60 per cent upon gross premiums, provides that the tax may be paid in two installments, one half on the first Monday of July following the end of the fiscal year for which the tax is payable, and the other half on the first Monday of the following February. Under the law of this state, § 7071, *supra,* the entire tax is due March first next after the end of fiscal year, and becomes delinquent thirty days thereafter.

Respondent contends that the insurance commissioner, in applying the retaliatory statute (§ 7092, *supra*), must take into consideration the advantage enjoyed by insurance companies operating under the California law, in so far as the date the tax is payable is concerned; such companies, under that law, having the use of all of the money required to pay the tax up to the first Monday in July, and of half thereof until the first Monday of the following February.

The purpose of retaliatory statutes, such as that under consideration here, is simply to equalize the

amount of tax payable, and to prevent unfavorable discrimination against Washington corporations by other states, in the exercise of the taxing power. Such a statute is wholly defensive in its purpose, is at least quasi-criminal in its nature, and should be strictly construed and applied so as to accomplish its object, and nothing further. *Life & Casualty Ins. Co. v. Coleman,* 233 Ky. 350, 25 S. W. (2d) 748. The act is in no sense a revenue measure, any increase in revenue accruing to the state under any application of the act being purely incidental. The supreme court of California, in the case of *Bankers' Life Co. v. Richardson,* 192 Cal. 113, 218 Pac. 586, said:

"But, whether regarded as reciprocal or retaliatory, in so far as they are retaliatory in their nature, and involving the comity of states, they are to be strictly construed, executed with care, and not applied to any case that does not fall plainly within the letter of the law."

The theory of our law is that foreign insurance companies shall be taxed in this state to the same extent as Washington insurance companies are taxed when engaged in business in other states. It is manifest that it is not the purpose of our law to place a greater tax upon a California insurance company than our own companies operating in California are required to pay, the underlying purpose of our statute being simply to insure that the tax paid by the two sets of insurance companies is essentially the same, and an equitable reciprocity maintained.

Respondent contends that, under our law, the insurance commissioner may assess a tax of 2.60 per cent on gross premiums earned by a California insurance company in this state, and, by executive order, provide that the tax shall be paid upon the dates provided for by the California law, or, in the alternative,

that he may assess upon such gross premiums a 2.60 per cent tax, and require payment thereof at the time provided for by Rem. Comp. Stat., § 7071, *supra;* but that, if he adopts the latter plan, he must offset against the tax due a reasonable discount, based upon the value of the use of the money for additional time allowed by the California law.

Respondent submits that, if such a discount were allowed in the instant case in the amount of six per cent, it would result in the payment of a less tax than a straight 2.25 per cent tax, computed under the law of this state, and payable as therein provided. Respondent further concedes, however, that under no circumstances is it entitled to pay a tax in a sum less than an amount computed upon the Washington primary rate, and so admits its liability to pay a tax in the sum of $18,886.87, on or before March 30th.

It is admitted that the excess over this amount, claimed by the insurance commissioner, and paid by respondent under protest in the sum of $396.94, if deducted from the total tax paid by respondent, affords respondent an allowance of approximately 3.5 per cent for the use of the money during the deferred period provided for payment of such a tax by the California act. In its complaint, respondent alleges that it could have earned at least this amount on its money, if it could have availed itself of the privilege of deferring the payment of the tax, as provided for by the California law. This allegation stands admitted by appellant's demurrer.

On behalf of appellant, it is contended that the retaliatory section of our law above referred to, does not permit the insurance commissioner to take into consideration the time for, or the method of, payment, but allows him only to consider the amount of the tax actually imposed, and that, as the state of California

imposes a tax amounting to 2.60 per cent of gross premiums upon Washington insurance companies doing business in California, it is the duty of the insurance commissioner of this state to impose a tax of 2.60 per cent of the gross premiums received by California companies doing business in Washington. It is also argued that, as the law of this state provides a penalty of twenty-five dollars per day for each day an insurance company is in default in paying its tax, the insurance commissioner cannot establish any rule by which respondent, or any insurance company similarly situated, may pay its tax at any date later than that provided by our law for the payment thereof.

Assuming, without deciding, that such is the case, it is our opinion that such a situation as is here presented calls, in the first instance, for the determination by the insurance commissioner of a question of fact, to-wit, whether or not, under the law of the state of the domicile of the insurance company, the amount of whose tax in this state is being determined, a Washington insurance company doing business in that state would be required to pay a greater tax than the insurance company in question is required to pay under our law. In deciding this question, the insurance commissioner should take into consideration, in connection with other pertinent facts, the time fixed for the payment of the tax, and if, as in the case at bar, it appears that the taxpaying date is later than that fixed by our statute, that fact should be considered in deciding whether or not the tax imposed by the sister state is, in fact, more onerous than that imposed by our insurance act. If, after such an estimate of the situation, the insurance commissioner is of the opinion that a comparison of the two laws demonstrates that a Washington insurance company is in fact discriminated against, the retaliatory statute may be applied.

Such statutes are proper and, indeed, necessary, but should be invoked only in cases where the inequitable discrimination is clearly established; otherwise, the insurance commissioner of the state against which the law is brought into operation will in turn apply the retaliatory law which is undoubtedly at his disposal, and an unreasonable and unjust system of mutual retaliation may be commenced, which will do no good to anyone, and result in much harm to legitimate business.

The purpose of these laws is to equalize the amount of taxes which are required to be paid under different state laws, and not to require the establishment of an equal rate of taxation, or to insist upon the payment of additional amounts as penalties. *Life & Casualty Ins. Co. v. Coleman,* 233 Ky. 350, 25 S. W. (2d) 748; Couch's Cyclopedia of Insurance Law, vol. I, p. 580; 32 C. J. 991. The Circuit Court of Appeals for the eighth circuit, in the case of *Cochrane v. Bankers' Life Co.,* 30 Fed. (2d) 918, in considering a somewhat similar question, said:

"In demanding $2\frac{1}{2}$ per cent. on the level premiums and 2 per cent. on the assessment premiums, the commissioner retaliates beyond the point of equalization, and therefore beyond the authority given him by the Colorado retaliatory statute."

This quotation is equally applicable to the argument herein advanced on behalf of the insurance commissioner.

It is, of course, evident that insurance companies derive their revenue from the use of the money paid to them by way of premiums for insurance which they have written. The use of this money is valuable, and the fact that, under the California law, insurance companies coming within its scope have for a longer period the use of the money required to pay the tax than such

companies do under our law, should be taken into consideration, in deciding whether or not our retaliatory statute should be applied.

For the reasons assigned, the trial court did not err in overruling appellant's demurrer to respondent's complaint, and in entering judgment in respondent's favor.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.