(134 So. 858)

## STATE v. FIREMEN'S FUND INS. CO.

### 3 Div. 944.

Supreme Court of Alabama.

May 28, 1931.

Thos. E. Knight, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for the State.

Steiner, Crum & Weil, of Montgomery, for appellee.

SAYRE, J.

Appellee is a corporation chartered under the law of the state of California and doing business in this state. The complaint in this case alleges (we quote so much of count B of the complaint as is necessary to an understanding of the question involved), quoting the statute of California:

"Nineteen Hundred and Twenty-four edition of the California Insurance Laws, Political Code, page 49, section 623. The commissioner must require every company now transacting or proposing to transact insurance business by agent or agents in this state (California), before commencing such business to file in his office a bond in favor of 'the people of the state of California, to be signed by the company as principal, with two sureties, to be approved by the commissioner, in the penal sum of twenty thousand dollars, the condition of such bond to be as follows: (1) The company and its agents will pay all state, county and municipal property and license taxes, in the manner and at the time prescribed by law; (2) That the company named therein will conform to all the provisions of the revenue and other laws made to govern them; (3) and that the company, will promptly pay all fees, assessments, taxes, penalties and fines that may be laid upon or against such company. Such bonds may be sued on in the same manner and shall be subject to the same rules governing official· bonds, except that such bonds may be made applicable alike to the first and all subsequent license periods for which renewals of certificates of authority are issued. Any insurance company may deposit with the insur-

ance commissioner, in lieu of such bond, securities of the kind and character set forth in section four hundred twenty-one of the Civil Code of the state of California, in the sum of twenty thousand dollars and shall be held in trust by the insurance commissioner for the fulfilment of the terms and conditions above set forth. Such securities may be withdrawn at any time and new securities of equal value deposited in lieu thereof, and may be withdrawn whenever a bond is filed as provided in this section.

"Political Code, page 1030, section 3664b. Every insurance company or association doing business in this state shall annually pay to the state a tax of two and sixty hundredths per cent upon the amount of the gross premiums and reinsurance in companies or associations authorized to do business in this state; provided, that there shall be deducted from said two and sixty hundredths per cent upon the gross premiums the amount of any county and municipal taxes paid by such companies on real estate owned by them in this state. This tax shall be in lieu of all other taxes and licenses, state, county and municipal, upon the property of such companies, except county and municipal taxes on real estate, and except as otherwise provided in the constitution of this state; provided, that when by the laws of any other state or country, any taxes, fines, penalties, licenses, fees, deposits of money, or of securities, or other obligations or prohibitions are imposed on insurance companies of this state, doing business in such other state or country, or upon their agents therein, in excess of such taxes, fines, penalties, licenses, fees, deposits of money, or of securities, or other obligations or prohibitions, imposed upon insurance companies of such other state or country, so long as such laws continue in force, the same obligations and prohibitions of whatsoever kind must be imposed by the insurance commissioner upon insurance companies of such other state or country doing business in this state; that the defendant is now licensed to do and does a fire insurance business in this state and was so licensed to do and did a fire insurance business in this state during the years 1929 and 1928, and prior thereto; that the defendant has now established and has had established during these years of its operations in the state an agency or agencies through which it has operated its said fire insurance business; that plaintiff, the state of Alabama, does not require from similar companies of other states of the United States for similar purposes, any deposit of securities in this state; that plaintiff, the State of Alabama, charges fire insurance companies of other states operating in this state a tax of one and one half per cent; that the deposit of bond or securities in the sum of Twenty Thousand Dollars ($20,000.-00) required by the state of California for a fire insurance company of this state seeking admission to that state is Twenty Thousand Dollars ($20,000.00) in excess of any such requirement of this state from similar companies of other states for similar purposes and the requirement of two and six tenths per cent tax by California from fire insurance companies of this state is one and one tenth per cent in excess of the tax rate required by this state from fire companies of other states. And the plaintiff further avers that by reason of the above quoted insurance laws of the state of California, the home state of the defendant, the defendant comes within the retaliatory insurance law of Alabama as set forth in Code section 8363 and owes the plaintiff as a privilege tax in advance for the business of the year 1929, based on defendant's business of the year 1928 in Alabama, as required by the law of this state, the sum of," etc.

Section 8363 of the Code of this state provides: "Whenever the existing or future laws of any other state of the United States shall require of the insurance companies incorporated by, or organized under, the laws of this state, or the agents thereof, any deposit of securities in such state for the protection of policy holders, or otherwise, greater than the amount required for similar purposes from similar companies of other states by the then existing laws of this state, then, in every such case, all companies of such states establishing or having heretofore established an agency or agencies in this state, shall make the same deposit for a like purpose with the treasurer of the state, and shall pay into the treasury of this state the taxes, fines, penalties, license fees, or otherwise, an amount equal to the amount of such charges and payments imposed by the law of such state upon companies of this state and the agents thereof."

The complaint seeks to charge appellee with the amount claimed for the reason that it has failed to make the deposit required by section 8363, and has failed to pay into the treasury of this state the amount prescribed thereby. The duty to make such deposit and payment with and to the treasurer of this state is predicated upon the fact that such deposit and payment are necessary to equalize the burdens imposed upon insurance companies doing business in this state and in California, such burdens in the last-named state being greater than those imposed by the statute of this state; the situation, in the absence of section 8363, being that an insurance company chartered and domiciled in this state and doing business in California is subjected to greater burdens in that state than is such company chartered and domiciled in California and doing business in this state.

The question here presented is identical in every essential particular with that considered in Clark v. Port of Mobile, 67 Ala. 217, in which it was held that the necessary and practical effect of the statute, then in every substantial particular the same as it is now, was to authorize the Legislature of the state of California to fix the amount of the license tax to be required by this state of insurance companies, organized under the laws of that state and doing business in Alabama, and thereby in effect legislating for this state; that is, fixing by law the amount which this state shall demand of California corporations for doing business in this state. This cannot be, for, as the court said in the case to which we have referred, if the law-making power of California should modify, amend, or repeal its revenue law in the respect here pertinent, ipso facto such legislation would modify, amend, or repeal the law of this state. "This," said the court in that câse, "cannot be, for it would be confiding to a foreign jurisdiction that legislative discretion which the General Assembly of Alabama are constitutionally bound to exercise themselves, and which they cannot delegate or commit to another." That case was approved by the Court of Appeals of Kentucky in Western & Southern Life Ins. Co. v. Commonwealth, 133 Ky. 292, 117 S. W. 376, 378, in which the court said: "To allow one person to be taxed at one rate and another at a different rate, not because of any other fact than to retaliate for the mode in which a corporation of this State is taxed in some other state, is to lose sight entirely of the fundamental idea of equality in the public burdens aimed at in our Constitution."

Clark v. Port of Mobile, supra, was decided in 1880, and in effect eliminated section 1440 from the Code of that date. Nevertheless the same section appeared as section 2595 of the Code of 1896, having been reenacted as section 20 of the Act of February 18, 1897, entitled an act "To regulate the business of insurance in the State of Alabama." Acts, p. 1377. This re-enactment, we infer, resulted from consideration of the decision of the New York Court of Appeals, reported in People v. Fire Ass'n of Philadelphia, 92 N. Y. 311, 44 Am. Rep. 380, and its approval by the Supreme Court of the United States. It is what is commonly referred to as "retaliatory legislation." Such legislation, expressed in the statute of New York in terms very similar to the section of our Code, was upheld in that case, and so in several states, as is shown at pages 745, 746 of 49 A. L. R. On a writ of error, the decision in the last-mentioned case, People v. Fire Ass'n of Philadelphia, 92 N. Y. 311, 44 Am. Rep. 380, was affirmed by the Supreme Court of the United States in Fire Association of Philadelphia v. New York, 119 U. S. 110, 7 S. Ct. 108, 113, 30 L. Ed. 342, in which

the court said: "The state, having the power to exclude entirely, has the power to change the conditions of admission at any time for the future, and to impose as a condition the payment of a new tax, or a further tax, as a license fee." In that case the court, noting that the Court of Appeals of New York had decided the federal question involved against the insurance company, said: "If the court had decided in its favor any one of the other questions which went to the whole cause of action, there would have been no necessity for considering the federal question." And we note that this court in its discussion of the questions raised in Clark v. Port of Mobile, supra, makes no reference to the limitations imposed upon legislation of the state by the Federal Constitution. The discussion of constitutional inhibition there to be found relates to the necessity of equality as between the taxation of the property of individuals and corporations.

But in the later case of Hanover Fire Ins. Co. v. Harding, 272 U. S. 494, 47 S. Ct. 179, 185, 71 L. Ed. 372 (reported in 49 A. L. R. page 713, as Hanover Fire Ins. Co. v. Carr), decided November 23, 1926, all questions concerning the constitutional validity of retaliatory statutes such as we consider in this case were foreclosed by the opinion of the Supreme Court of the United States. The court, considering a statute of the state of Illinois, said: "But an occupation tax imposed upon 100 per cent. of the net receipts of foreign insurance companies admitted to do business in Illinois is a heavy discrimination in favor of domestic insurance companies of the same class and in the same business which pay only a tax on the assessment of personal property at a valuation reduced to one-half of 60 per cent., of the full value of that property. It is a denial of the equal protection of the laws [citing numerous cases]. * * * One argument urged against our conclusion is that the relation of a foreign insurance company to the state which permits it to do business within its limits is contractual, and that by coming into the state and engaging in business on the conditions imposed it waives all constitutional restrictions and cannot object to a condition or law regulating its obligations even though as a statute operating in invitum it may be in conflict with constitutional limitations. This argument cannot prevail, in view of the decisions of this court in well-considered cases" —citing the cases.

We accept, of course, the decision of the Supreme Court of the United States as to a federal question. We are of opinion also that the decision of this court in Clark v. Port of Mobile, supra, is sound for the reason there assigned. It would be an anomaly, to say the least, if insurance companies, coming from forty-seven states, each having its

own system of taxation by which, it may be, the requirements of the state are in excess of, or, for that matter, less than, the requirements of this state, should be required, or have the right, to do business in this state upon the same terms and conditions as in the states of their incorporation. There could be no equal protection of the law in an arrangement of that sort.

The judgment is affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN and FOSTER, JJ., concur.