Merrimack,
July 2, 1947. } No. 3675.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

*v.*

DONALD KNOWLTON, *Insurance Commissioner*
*of the State of New Hampshire & a.*

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Godfrey* orally), for the plaintiff.

*Ernest R. D'Amours,* Attorney-General, and *Edward J. Reichert,* Law Assistant (*Mr. D'Amours* orally), for the defendants.

JOHNSTON, J.   No issue is made of the form of the remedy and accordingly judgment is given concerning the correct rule to be applied in determining the tax due from the plaintiff for the year 1946.

The retaliatory tax law of this state under which the insurance commissioner claims the larger amount, is found in section 58 of chapter 325 of the Revised Laws and is as follows: "When, by the laws of any other state or country, any taxes . . . additional to or in excess of those imposed by this state upon companies not organized under the laws of this state . . . are imposed upon insurance companies of this state . . . doing business in such state, . . . the same taxes . . . shall be imposed upon all insurance companies of such state . . . doing business in this state, so long as such laws remain in force."

The justification of the commissioner's action depends upon whether for the year of 1946 the laws of Massachusetts imposed upon insurance companies of this state doing business in Massachusetts any taxes additional to or in excess of the 2% premium tax imposed by New Hampshire on foreign companies.   It is claimed that this was done by virtue of Acts and Resolves Massachusetts (1943), *c.* 531, *s.* 3.   This section was limited to life insurance companies authorized to do business in Massachusetts on December 31, 1943 and provided that a company should continue to pay taxes on the old reserve tax basis of ¼ of 1% of the net value of all policies if the tax of 2% of the premiums required by section 1 of said chapter 531 should be less, and should continue to be so taxed until the tax computed on the premium basis should equal that figured on the reserve tax basis, and thereafter on the 2% premium tax basis.

December 31, 1943, and ever since the only New Hampshire life insurance company doing business in Massachusetts was the United Life & Accident Company.   A tax of ¼ of 1% of the net value of its policies in force on December 31, 1943, and of each year since has been substantially less than the tax of 2% of the premiums.

Because of the provisions of the Massachusetts retaliatory tax

law (G. L., Mass., *Ter. ed.*, *c.* 63, *s.* 21), which is similar to our own, and the fact that this state imposed a 2% premium tax on Massachusetts companies doing business here, Massachusetts has imposed the 2% premium tax on the United Life & Accident Company.

Since the United Life & Accident Company was the only New Hampshire life insurance company doing business in Massachusetts on December 31, 1943 the provisions of Acts and Resolves Massachusetts (1943), *c.* 531, *s.* 3 never have and never will apply to any other company of this state because of the limited application of the section to companies authorized to do business on the said date. Furthermore said section 3 does not apply to the United Life & Accident Company because of the fact that on said date ¼ of 1% of the net value of its policies in force was substantially less than 2% of its premiums.

The mere fact of retaliation against the sole New Hampshire life insurance company doing business in Massachusetts is not ground under R. L., *c.* 325, *s.* 58 for discrimination against the companies of such state. It must appear that Massachusetts imposes upon insurance companies of this state taxes additional to or in excess of those imposed by this state upon insurance companies of Massachusetts. The only statute relied on is Acts and Resolves Massachusetts (1943), *c.* 531, *s.* 3. It has been shown that no such additional or excess tax ever could have been or ever can be imposed under said section 3.

It is unnecessary for this court to decide whether the possibility of New Hampshire companies being formed and doing business in the sister state is sufficient to make operative the retaliatory statute of this state because of the fact that said section 3 of the Massachusetts statute by its limited provisions could never apply to them.

The only ground upon which R. L., *c.* 325, *s.* 58 can be invoked is a hypothetical one. If on December 31, 1943, there had been a life insurance company of this state authorized to and doing business in Massachusetts and if on that date ¼ of 1% of the net value of its policies had exceeded 2% of its premiums and if this had continued through the calendar year 1946, then the reserve basis tax could properly be assessed against this plaintiff. No case has been found in which a retaliatory statute has been made operative for such a reason. It is insufficient. The phrase, "imposed upon insurance companies of this state," does not mean such supposititious situations. "And retaliatory statutes should be invoked only in cases where an inequitable discrimination is clearly established." 19 Appleman Insurance Law and Practice 59.

The purpose of the retaliatory statutes, so-called, is to protect domestic insurance companies from discriminations and impositions which might be made against them by other states. They aim at removing inequalities actually suffered or threatened. "The purpose of retaliatory statutes is simply to equalize the amount of tax payable, and to prevent unfavorable discrimination by other states against corporations of the retaliating state doing business in such states in the exercise of the taxing power." 91 A. L. R. 797.

A similar result was reached in the opinion of *Massachusetts Mutual Life Insurance Company* v. *Hobbs*, handed down by the Supreme Court of Kansas on June 7, 1947. The facts were similar to those in the present case, although there was no Kansas life insurance company doing business in Massachusetts prior to December 31, 1943. The effect of the statutory law, Acts and Resolves Massachusetts (1943), *c.* 531, was considered. It was held that retaliation was not justified under the Kansas statute, which was substantially the same as New Hampshire R. L., *c.* 325, *s.* 58.

The subject matter of this proceeding, that of taxes, is specifically governed by the statutory law above cited. The New Hampshire reciprocal denial statute (R. L., *c.* 325, *s.* 52), cited by the defendants to support their position, is not controlling because of the application of the tax statute (R. L., *c.* 325, *s.* 58).

*Judgment for the plaintiff.*

All concurred.