FIREMAN'S FUND INSURANCE COMPANY *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. November 10, 1949. — March 2, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Taxation*, Insurance company. *Insurance*, Insurance company.

There is no conflict between the so called retaliatory statutes, § 23 of G. L. (Ter. Ed.) c. 63, as appearing in St. 1945, c. 721, § 2, and § 159 of G. L. (Ter. Ed.) c. 175; § 159 does not require or allow a credit to be given against the excise otherwise required to be assessed against a foreign insurance corporation under § 23, even though the foreign corporation may be exposed to some charge other than a tax charge in this Commonwealth.

Section 159 of G. L. (Ter. Ed.) c. 175 does not entitle a foreign fire and marine insurance corporation to a credit, against an excise assessed under § 23 of G. L. (Ter. Ed.) c. 63, as appearing in St. 1945, c. 721, § 2, of amounts it has paid as assessments to the corporations, Boston Protective Department and Worcester Protective Department.

APPEAL from a decision of the Appellate Tax Board.

R. J. Walsh, (F. E. Silva, Jr., with him,) for the taxpayer.
H. W. Radovsky, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

QUA, C.J. This is an appeal by an insurance company incorporated in California and doing a fire and marine business in this Commonwealth from a decision of the Appellate Tax Board, refusing abatement in part of an excise tax as-

sessed upon the appellant by the commissioner of corporations and taxation under G. L. (Ter. Ed.) c. 63, § 23, as appearing in St. 1945, c. 721, § 2,[1] upon the gross premiums and additional premiums charged and assessments made upon its Massachusetts business during the year 1945.

The assessment was in the sum of $20,561.08 and included a so called "retaliatory" tax under the last clause of § 23 of a sum sufficient to make the total amount of tax equal to that which would be imposed by the laws of California upon a like insurance company incorporated in this Commonwealth doing business to the same extent in California. It is the contention of the appellant that this "retaliatory" tax should be reduced by the total sum of $2,783.54 assessed against the appellant in 1945 by the Boston Protective Department and the Worcester Protective Department and paid by it to those departments. The appellant proceeds upon the theory that the assessments paid to the two protective departments were "obligations" "imposed" upon it "by the laws of this commonwealth" which under the provisions of G. L. (Ter. Ed.) c. 175, § 159, it is entitled to have considered in determining by how much the burdens which would have been imposed upon a Massachusetts company doing the business in California which the appellant did here would have exceeded the aggregate of the burdens actually imposed upon the appellant here.

As the case turns upon the construction of the two sections of the statutes referred to above, we quote those sections:

G. L. (Ter. Ed.) c. 63, § 23, as appearing in St. 1945, c. 721, § 2. "Every foreign insurance company coming within the scope of the definition of a foreign company in section one of chapter one hundred and seventy-five, except life insurance companies with respect to business taxable under sections twenty and twenty-one, shall annually pay an excise upon the gross premiums for all policies written or renewed, all additional premiums charged, and all assessments made

---

[1] See now St. 1946, c. 387, § 2.

during the preceding calendar year for insurance of property or interests in this commonwealth, or which are subjects of insurance by contracts issued through companies or agents therein, exclusive of reinsurance, at the rate of two per cent but not less in amount than would be imposed by the laws of the state or country under which such company is organized upon a like insurance company incorporated in this commonwealth, or upon its agents, if doing business to the same extent in such state or country."

G. L. (Ter. Ed.) c. 175, § 159. "If by the laws of any other state any taxes, fines, penalties, licenses, fees, deposits or other obligations or prohibitions, additional to or in excess of those imposed by the laws of this commonwealth upon foreign companies and their agents, are imposed on domestic companies and their agents doing business in such state, like obligations and prohibitions shall be imposed upon all companies of such state and their agents doing business in this commonwealth so long as such laws remain in force."

The commissioner has assessed an excise upon the appellant "not less in amount than would be imposed by the laws" of California "upon a like insurance company incorporated in this commonwealth . . . if doing business to the same extent" in California. He has therefore literally and exactly obeyed the command of § 23. But the appellant insists that § 159 required him to do something different, that is, to reduce the amount which § 23 commanded him to assess by the total sum paid by the appellant to the protective departments. We do not read § 159 as cutting down § 23 in this manner. These two sections exist together in our statutes, § 23 in a chapter dealing with the taxation of corporations, and § 159 in a chapter dealing with insurance. Their predecessor sections were at one time embodied in the same statute. St. 1873, c. 141, §§ 2 and 6. They should not be construed as in conflict with each other. There is nothing in § 159 which requires or allows a credit to be given against the excise tax otherwise required to be assessed under § 23, even though the foreign company may be exposed to some other charge in this Commonwealth.

Section 159 simply compels the imposition upon a foreign insurance company doing business in this Commonwealth of "obligations and prohibitions" of like kind and to the same extent as those imposed in the State of the company's origin upon Massachusetts companies doing business there. And that is also precisely what § 23 does as to the excise here in question. Therefore there is no conflict between the two sections.

But the appellant insists that the purpose of these so called retaliatory statutes is to secure equality of treatment for domestic and foreign companies and therefore that all burdens of whatever kind imposed in one jurisdiction must be aggregated and compared with all burdens of whatever kind imposed in the other and the total burden equalized. The appellant cites cases in other jurisdictions supporting this theory.[1] Accordingly, the appellant contends that the payments to the protective departments in this Commonwealth must be offset against the excess of the California excise over the two per cent excise imposed in this Commonwealth. There is, no doubt, much to be said for the theory of aggregation where the statutory language will permit of its application, but we cannot apply it where the result would be to bring two provisions of our own statutes into unnecessary conflict and to render nugatory the plain words of one of them.

The appellant has argued at length from the history of the two sections here involved, and we have examined that history with care. We do not extend this opinion by including it, since we discover nothing in it tending to a conclusion different from that which is reached by construction of the present wording of the two sections.

Nothing here contained is at variance with what was decided in *Metropolitan Life Ins. Co.* v. *Commonwealth*, 198 Mass. 466. It was there held that a foreign life insurance

[1] *Bankers Life Co.* v. *Richardson*, 192 Cal. 113, 122–125. *Employers Casualty Co.* v. *Hobbs*, 149 Kans. 774. *Life & Casualty Ins. Co.* v. *Coleman*, 233 Ky. 350. *Occidental Life Ins. Co.* v. *Holmes*, 107 Mont. 48. *John Hancock Mutual Life Ins. Co.* v. *Pink*, 276 N. Y. 421. Compare *Pacific Mutual Life Ins. Co.* v. *Lowe*, 354 Ill. 398. See 91 A. L. R 795

company could not be required to pay both the excise imposed upon all companies in this Commonwealth and also an amount equal to the larger excise imposed upon Massachusetts companies in the foreign State.

We are unwilling to leave the subject without expressing serious doubt as to whether, even if aggregation of burdens were allowable to the fullest extent, the payments to the protective departments constituted any burden of a kind for which the appellant would be entitled to a credit. The Boston Protective Department was incorporated by St. 1874, c. 61, to maintain a corps of men for the discovery and prevention of fires and to preserve life and property at or after a fire. For these purposes it was given certain special powers to enter buildings on fire or threatened with fire, and it enjoys practically the same privileges as fire departments in the public streets. At its meetings each insurance company doing business in Boston has one vote, and the amount to be assessed upon the companies is determined by majority vote and is assessed according to the amounts of premiums received by the several companies for insuring property in Boston. While no one company doing business in Boston can avoid paying its proportionate share of the expense of maintaining the department, yet the continued existence of the department depends upon the vote of a majority of the companies. All of the sums assessed upon the companies are used for the purposes of the department. The Worcester Protective Department was incorporated by St. 1875, c. 234, on a similar basis. It may well be an advantage rather than a burden to the fire companies doing business in these two cities to maintain under their own control organizations having many of the powers of fire departments but whose sole purposes are the discovery and prevention of fires and the minimizing of losses when fires do occur. See *Newcomb* v. *Boston Protective Department,* 151 Mass. 215, 217. At least there is nothing in the record to show that this is not so, and it is obvious that the companies have continued these departments in existence for many years, although not obliged to do so. Moreover, these assessments are not

taxes, and payment of them is not a condition of doing business in this Commonwealth but is a condition only of doing business in Boston and Worcester, whose combined population is less than one fourth of that of the Commonwealth and whose area is but a tiny fraction of the whole.

*Decision for the commissioner.*