396 P.2d 253

**PACIFIC MUTUAL LIFE INSURANCE COMPANY, a corporation, Appellant,**

v.

**G. A. BUSHNELL, Director of Insurance, State of Arizona, Appellee.**

No. 7575.

Supreme Court of Arizona.

En Banc.

Oct. 29, 1964.

Evans, Kitchel & Jenckes, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., for appellee.

BERNSTEIN, Justice.

Appellant, plaintiff below, is a California insurance company, doing business in Arizona. Appellee is the Director of Insurance of the State of Arizona. In February 1961, appellant filed its Premium Tax Return and a Retaliatory Tax Statement for 1960. On this return appellant contended that its tax should be computed under A.R.S. § 20–230, the Retaliatory Insurance Tax Act; that it should be given credit for ad valorem taxes paid in Arizona; and that the tax was not due until June 15, rather than on March 31 as provided in A.R.S. § 20–224. Appellee agrees that appellant's tax liability is governed by A.R.S. § 20–230, but contends that ad val-

orem taxes may not be credited because of the language of the last sentence of that section and that so far as the due date is concerned the provisions of A.R.S. § 20–224 are controlling. On a motion for summary judgment, the trial court sustained all of the contentions of the appellee, and entered judgment accordingly. Section 20–230A provides:

"20–230. Retaliation

"A. When by or pursuant to the laws of any other state or foreign country any premium or income or other taxes, or any fees, fines, penalties, licenses, deposit requirements or other material obligations, prohibitions or restrictions are imposed upon insurers of this state doing business, or that might seek to do business in such other state or country, or upon the agents of such insurers, which in the aggregate are in excess of such taxes, fees, fines, penalties, licenses, deposit requirements or other obligations, prohibitions or restrictions directly imposed upon similar insurers of such other state or foreign country under the statutes of this state, so long as such laws continue in force or are so applied, the same obligations, prohibitions and restrictions of whatever kind shall be imposed upon similar insurers of such other state or foreign country doing business in Arizona. Any tax, license or other obligation imposed by any city, county or tion imposed by any city, county or

other political subdivision of a state or foreign country on insurers of this state or their agents shall be deemed to be imposed by such state or foreign country within the meaning of this section. *The provisions of this section shall not apply to ad valorem taxes on real or personal property or to personal income taxes."* (Emphasis added.)

The principal question on this appeal is the effect of the last sentence of A.R.S. § 20–230A, supra. This section comes into operation because it is conceded that Arizona taxes on this California company would be lower than California taxes on an Arizona company. The Arizona premium tax rate was 2.00 percent in 1960, A.R.S. § 20–244. The California rate was 2.35 percent, Calif.Const. Art. 13, § 14⅘(d). To achieve equality, the Arizona taxes of appellant must be computed in the same way that California would compute the taxes on an Arizona insurance company doing business in California.

■ Appellant's tax return is correct if the Arizona Retaliatory Insurance Tax is in fact a retaliatory tax. California allows Arizona insurance companies to deduct ad valorem taxes paid in that state. Calif. Const. Art. 13, § 14⅘(e). The basic purpose of Retaliatory Tax Acts is to equalize taxation of insurance companies. Under these acts taxation cannot be used as a device to place an additional burden on the

out of state insurance company. Employers Casualty Co. v. Hobbs, 149 Kan. 774, 89 P.2d 923; Life & Casualty Ins. Co. of Tenn. v. Coleman, 233 Ky. 350, 25 S.W.2d 748; State ex rel. New England Mut. Life Ins. Co. v. Reinmund, 45 Ohio St. 214, 13 N.E. 30; Bankers' Life Co. v. Richardson, 192 Cal. 113, 218 P. 586; Metropolitan Life Ins. Co. v. Commonwealth, 198 Mass. 466, 84 N.E. 863; Occidental Life Ins. Co. v. Holmes, 107 Mont. 48, 80 P.2d 383; Pacific Mut. Life Ins. Co. v. State, 161 Wash. 135, 296 P. 813; Massachusetts Mut. Life Ins. Co. v. Knowlton, 94 N.H. 409, 54 A.2d 163; Indemnity Ins. Co. of North America v. Stowell, 172 Ohio St. 167, 174 N.E.2d 536; Commonwealth v. Fireman's Fund Ins. Co., 369 Pa. 560, 87 A.2d 255; People v. Fire Ass'n of Philadelphia, 92 N.Y. 311, affd. sub nom. Fire Association of Philadelphia v. New York, 119 U.S. 110, 7 S.Ct. 108, 30 L.Ed. 342; cf. Fireman's Fund Ins. Co. v. Commissioner of Corporations & Taxation, 325 Mass. 386, 90 N.E.2d 668.

Retaliatory Insurance Tax Acts exist in most of the states.[1] They have been an essential feature of the system of state supervision of the insurance industry for more than a century.[2] Despite differences in phraseology, they have a uniformity of

intent which, as the cases cited above indicate, has led the courts to give primary consideration to the purposes of the statutes. We believe that the statement in Cochrane v. Bankers' Life Company, 30 F.2d 918, 922 (8th Cir. 1929), that

"In demanding 2½ per cent. on the level premiums and 2 per cent. on the assessment premiums, the commissioner retaliates beyond the point of equalization, and therefore beyond the authority given him by the Colorado retaliatory statute."

is of general application, and expresses the fundamental principle governing this branch of insurance law.

To give it the meaning contended for by appellee would defeat the purpose of the act, and withdraw Arizona from full participation in the scheme of state supervision of the insurance industry that has grown up over the years, and has been sanctioned by Congress by the McCarran Act, 15 U.S.C.A. 1011 et seq. (Ch. 20 Regulation of Insurance.) As the Pennsylvania court pointed out in Fireman's Fund, supra, the retaliatory tax is a "regulatory" measure, most successful if it produces no revenue whatsoever. Raising revenue is

1. Alabama apparently stands alone in regarding the retaliatory insurance tax as unconstitutional. State v. Firemen's Fund Ins. Co., 223 Ala. 134, 134 So. 858, 77 A.L.R. 1486. Reference is made to the retaliatory statutes in at least 27 states in the cases we have examined.

2. The original Massachusetts act was Statute 1856 p. 179, c. 252, § 47. Metropolitan Life Ins. Co. v. Commonwealth, supra.

not the purpose of these statutes. As Justice Brewer said in Phoenix Ins. Co. v. Welch, 29 Kan. 672, 674:

"This provision is called in insurance circles a 'retaliatory clause.' It seems to us more justly to be deemed a provision for reciprocity. It says, in effect, that while we welcome all insurance corporations of other states to the transaction of business within our limits, we insist upon a like welcome elsewhere, and that if other states shall attempt, directly or indirectly, to debar our corporations from the transaction of insurance business within their borders, we shall meet their corporations with the same restrictions and disability. It is, in brief, an appeal for comity, a demand for equality. As such, it is manifestly fair and just. It arouses no sense of injustice, and simply says to every other state in the Union: 'We will meet you on the basis of equality and comity, and will treat you as you treat us.'"

In State v. Continental Ins. Co., 67 Ind. App. 536, 116 N.E. 929, that court held the retaliatory insurance tax statute of Indiana was not prompted by tender solicitude for the public treasury, but by the desire to secure for the insurance companies of Indiana doing business in other states evenhanded treatment by the legislatures of those states and that the state auditor must not be guided by consideration of which method of taxation would put the greatest number of dollars in the public treasury. The court said that the retaliatory taxing statute, being penal in its nature and involving the comity of the state, must be strictly construed and executed with care.

To adopt the construction of the statute contended for by appellee would destroy the very equality that the Retaliatory Tax was designed to create. Appellant would pay the tax at the 2.35 percent rate with no credit for ad valorem taxes in Arizona. An Arizona insurance company in California would pay taxes at the 2.35 percent rate, *with* credits for ad valorem taxes. To achieve equality the credits must be allowed by both states. As the Supreme Court of the United States said in Ozawa v. United States, 260 U.S. 178, 194, 43 S.Ct. 65, 67, 67 L.Ed. 199:

"* * * We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning, in order that the purpose may not fail."

This principle was applied to a tax statute by Mr. Justice Butler in Helvering v. New York Trust Co., 292 U.S. 455, 464, 54 S.Ct. 806, 78 L.Ed. 1361.

We must construe the provisions of this sentence to give "even handed treatment" in accordance with the design and

purpose of the Arizona Retaliatory Tax Act. The applicable language is:

"The provisions of this section shall not apply to ad valorem taxes *on real or personal property or to personal income taxes.*" (Emphasis added.)

The ad valorem tax reference is a reaffirmance of the uniformity provisions of the Arizona Const. Art. 9, § 1, A.R.S. That section states:

" * * * All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax, and shall be levied and collected for public purposes only."

The language of the statute does not prohibit the giving of credits for ad valorem taxes where such a credit is given in the domiciliary state. In order to give the statute the effect of prohibiting credits for ad valorem taxes it would be necessary to read into the statute a meaning not compelled by the language and contrary to the design and purpose of retaliatory tax statutes. We hold therefore that the section does not prohibit the giving of tax credits for ad valorem taxes on real or personal property where such credit is given to an insurance company in its domiciliary state. Where the domiciliary state fails to give credit for ad valorem taxes a company of that state is not entitled to such credit in Arizona.

The other question before us is the date on which the tax is due. The California due date of July 15 is applicable. It was so held in Pacific Mutual Life Ins. Co. v. State, 161 Wash. 135, 296 P. 813. The Washington statute as construed in that case uses the words "like obligations and prohibitions". The Arizona statute uses the words "same obligations, prohibitions and restrictions." The word "obligations" includes the due date, and in a statute such as the Washington and Arizona statutes, the foreign due date has been adopted. A contrary result was reached in Pacific Mutual Life Ins. Co. v. Lowe, 354 Ill. 398, 188 N.E. 436, 91 A.L.R. 788. But the Illinois statute uses the words "the same basis or rate" and does not use the word "obligations" as does our statute. The Illinois court for reasons with which we disagree has also reached a result contrary to that reached here on the question of the deductibility of California real and personal property taxes. Pacific Mutual Life Ins. Co. v. Gerber, 22 Ill.2d 196, 174 N.E.2d 862.

Judgment reversed and remanded for further proceedings not inconsistent with this decision.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and SCRUGGS, JJ., concur.