JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Plaintiff, v. LOUIS H. PINK, Superintendent of the Insurance Department of the State of New York, Defendant.

Third Department, May 5, 1937.

*Tanner, Sillcocks & Friend* [*Frederick C. Tanner* of counsel; *William B. Moore* and *Edward T. Post* with him on the brief], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Caleb Candee Brown, Jr., Assistant Attorney-General,* of counsel], for the defendant.

CRAPSER, J. This is a submission by the parties herein to this court for a decision of a controversy arising between them upon an agreed set of facts pursuant to the provisions of sections 546–548 of the Civil Practice Act.

The question for determination is whether or not the plaintiff, a foreign life insurance company, organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, is entitled to receive credit in reduction of the amount payable by it as a retaliatory tax to the defendant under the provisions of section 33 of the Insurance Law of New York for the amount of taxes paid by it to the city of New York for the privilege of carrying on its business within the city of New York, pursuant to local laws enacted by the board of aldermen of the said city, for emergency unemployment relief purposes.

Section 33 of the Insurance Law is entitled, " Reciprocal requirements " and it is the section which imposes what is commonly referred to as the retaliatory tax of the State of New York on foreign insurance companies doing business herein. It provides in part as follows: " If, by the existing or future laws of any State, an insurance corporation of this State  *  *  *  shall be required  *  *  *  to make payment for taxes,  *  *  *  greater than are required or imposed from or upon similar corporations of such other State by the then existing or future laws of this State  *  *  *  all similar insurance corporations of such State shall be and they are hereby required  *  *  *  to pay the Superintendent of Insurance for taxes,  *  *  *  an amount equal to the amount of such charges and payments, and shall be subjected to the same restrictions, obligations, conditions or penalties imposed by the laws of such other State upon such insurance corporations of this State."

The plaintiff is a life insurance company organized and existing under the laws of the State of Massachusetts. For the privilege of exercising its corporate franchise within the State of New York during the year 1934 plaintiff paid to the State Tax Commission of this State, pursuant to section 187 of the Tax Law, taxes to the

amount of $300,287. Under the statutes of Massachusetts there would have been levied pursuant to section 20 of chapter 63 of the General Laws of Massachusetts upon a New York life insurance company doing a similar business in said State an excise tax which would have amounted to the sum of $418,136.09. The Superintendent of Insurance of this State, therefore, has levied upon the plaintiff pursuant to the provisions of section 33 of the Insurance Law a retaliatory tax in the amount of $117,849.09 for the business done during the year 1934. Plaintiff, however, has paid to the city collector of the city of New York the sum of $8,858.53 pursuant to Local Law No. 9 of the New York City Local Laws of 1934 and the sum of $18,170.76 pursuant to Local Law No. 17 (published as No. 18) of the New York City Local Laws of 1934 and claims that it is entitled to credit these sums against the amount of tax so levied against it by the defendant pursuant to section 33 of the Insurance Law and that the defendant in failing to grant such credit is exceeding its rights under section 33 of the Insurance Law.

No question was raised by the plaintiff as to the power of the State of New York or the city of New York to levy the taxes in question.

Local Law No. 9 of the New York City Local Laws of 1934 was passed pursuant to the authority granted by chapter 302 of the Laws of 1934, and became a law March 22, 1934. It empowered the local legislative body of any city of the State having a population of 1,000,000 inhabitants or more to adopt and amend local laws imposing in any such city any tax which the Legislature would have the power or authority to impose during the period from the effective date of said chapter to December 31, 1934. Such enabling act, however, specifically provided as follows: " A tax imposed hereunder shall have application only within the territorial limits of any such city and shall be in addition to any and all other taxes." (Laws of 1934, chap. 302, § 1.)

The said local law imposed a tax upon the privilege of carrying on or exercising within the city of New York any trade, business, profession, vocation, commercial activity or financial business during the balance of the calendar year of 1934.

Local Law No. 17 (published as No. 18) of the New York City Local Laws of 1934 was passed pursuant to the authority of chapter 873 of the Laws of 1934. Such act made a similar grant of power to that contained in chapter 302 of the Laws of 1934 except that it granted such power until December 31, 1935. It also contained an identical provision to that quoted above as to the application of such tax and that it should be in addition to any and all other taxes. (Laws of 1934, chap. 873, § 1.)

In the case of each such local laws such taxes were stated to be excise taxes for the privilege of carrying on the commercial activities within the city of New York for the periods of times covered by such laws. In each case such taxes were to be computed upon the receipts in excess of $15,000 in such commercial activities.

The sole question involved is the construction of the statutes and the application to the facts in the case at bar.

Section 33 of the Insurance Law by its terms clearly provides that a tax imposed be measured by and determined by comparison of the tax imposed by the laws of the State of the incorporation of the company whose tax is to be determined with the taxes imposed by the State of New York. The intention of the Legislature in the enactment of the said enabling acts is entirely clear. It has granted the power to levy taxes not within the ordinary scope or power of cities, such as are ordinarily levied by the State. It did not provide that the imposition of such taxes should limit or cut down the taxing power of the State but on the contrary specifically provided that such taxes should be in addition to other taxes.

It specifically provides from the submission herein, " that various of the cities, counties, towns and villages of the Commonwealth of Massachusetts impose taxes upon the tangible personal property of life insurance companies incorporated under the laws of the State of New York and admitted to do business in the Commonwealth of Massachusetts; that the Superintendent of Insurance of the State of New York in levying taxes pursuant to section 33 of the Insurance Law upon life insurance companies incorporated in the Commonwealth of Massachusetts and doing business in the State of New York fixes the amount thereof without regard to any taxes imposed by cities, counties, towns and villages in Massachusetts upon the tangible personal property of life insurance companies incorporated under the laws of the State of New York and admitted to do business in the Commonwealth of Massachusetts."

The business of one Massachusetts company might be confined entirely to the city of New York whereas another may carry on no business in the city even though in other respects its business and financial situation was exactly identical. No practical base, therefore, could be adopted for assessing retaliatory taxes.

A practical consideration of the statutes in question make it necessary only to consider the provisions of the said laws as provided by the wording of section 33 of the Insurance Law.

The case of *State ex rel. New England Mutual Life Insurance Co.* v. *Reinmund* (45 Ohio St. 214; 13 N. E. 30), cited by the plain-

tiff, it seems. to me is distinguishable from the case at bar. In that case a comparison of the taxes was clearly a comparison of taxes imposed by State laws, the statute of Ohio providing that a return should be made by each agency of a life insurance company to the taxing officials of the county and that such receipts should be subject to the same rate of taxation as other personal property. Though the taxes so levied were paid to, the counties, obviously they. were paid under State law. No other method of taxation was adopted by the State of Ohio nor any other tax levied. In such case, therefore, a direct comparison was made between the taxes so paid and those which would have been paid by a similar company to the State under the Massachusetts law.

The case of *Life & Casualty Insurance Co.* v. *Coleman* (233 Ky. 350; 25 S. W. [2d] 748) is also cited by the plaintiff to uphold its contention. In that case the Tennessee Revenue Act provided for a two and one-half per cent tax on the gross premiums collected in the State which shall be in lieu of all other taxes. The Kentucky act provided a two per cent tax on gross premiums collected in the State and in addition municipalities were permitted to impose taxes upon insurance companies for the privilege of doing business within their corporate limits. The Supreme Court of Tennessee has held that the phrase " in lieu of all other taxes " precludes municipalities from imposing any tax upon foreign insurance companies. The Kentucky statute did not provide that municipal taxes were to be in addition to the State tax imposed as did the act permitting the city of New York to impose a tax and, therefore, that case is not in point.

Judgment rendered declaring that the Superintendent of Insurance has correctly applied section 33 of the Insurance Law and that plaintiff has been correctly assessed thereunder of the tax in the amount of $117,849.09.

RHODES, McNAMEE and HEFFERNAN, JJ., concur; HILL, P. J., dissents on the following ground: I believe that credit of $8,858.53 should be given on the 1934 tax. The right to levy a tax reposes only in the sovereign. It is the duty of the sovereign State to provide funds to maintain its poor and indigent residents. The New York city levy for that purpose was legal because the sovereign power of the State had been delegated to the city, and the city acted as agent and representative of the sovereign. I do not believe that the 1935 tax should be credited in 1934.

Judgment rendered, without costs, declaring that the Superintendent of Insurance has correctly applied section 33 of the Insurance Law and that plaintiff has been correctly assessed thereunder of the tax in the amount of $117,849.09.