

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5806
Re: May Board of Insurance Commissioners accept checks in compromise of certain claims under Article 4758, V. A. C. S. against two Michigan insurance companies.

The above question is submitted to this department by your letters dated December 26, 1943, one relating to the claim against Standard Accident Insurance Company of Detroit, Michigan for retaliatory taxes for the years 1940, 1941 and 1942 and the other relating to the Michigan Fire & Marine Insurance Company of Detroit for such taxes for the years 1941 and 1942.

A copy of an order of the Board finding the existence of a bona fide controversy for those years and recommending to the Attorney General that such offers of settlement be accepted, is attached to each letter.

The controversy involved arises under the provisions of Article 4758, V. A. C. S., which reads:

"Whenever, by any law in force without this State, an insurance corporation, fraternal beneficiary society or reciprocal exchange of this State or agent thereof is required to make any deposit of securities thereunder for the protection of policy holders or otherwise, or to make payment for taxes, fines, penalties, certificates of authority, valuation of policies, license fees, or otherwise, or any special burden is imposed,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

greater than is required by the laws of this State for similar foreign corporations or their agents, the insurance companies, fraternal beneficiary societies and reciprocal exchanges of such States or governments shall be and they are hereby required as a condition precedent to their transacting business in this State, to make a like deposit for like purposes with the State Treasurer of this State, and to pay to the Commissioner of Insurance for taxes, fines, penalties, certificates of authority, valuation of policies, license fees and otherwise a rate equal to such charges and payments imposed by the laws of such other State upon similar corporations of this State and the agents thereof. Any corporation refusing for thirty (30) days to make payment of such fees or taxes as above required shall have its certificate of authority revoked by the Commissioner of Insurance; provided, that insurance corporations organized under the laws of any State or country, other than these United States shall, as to the provisions of this Act, be considered corporations of that State wherein their general deposit for the benefit of their policyholders is made."

In connection with this request, we have reviewed a joint brief filed on behalf of the two companies concerned. We have also held several conferences with Mr. Albert Boggess, Jr., Chief Clerk Recording Agents License Section, who, at our request, has been very cooperative in furnishing us data from his file pertaining to the assessments in controversy. Besides reviewing the previous opinions of this department, such efforts, together with a studied review of the limited number of court decisions, were expended in order to determine, if possible, the real and basic reasons for the controversy.

We fully appreciate the fact that a tremendous burden is placed by the Legislature upon the Insurance Department in enforcing the provisions of the retaliatory law, Article 4758, V. A. C. S. While this department has previously rendered opinions to the several Commissioners of Insurance, dating from January, 1936, we find no particular conflict in their holdings.

The latest expression from this department appears in our opinions Nos. O-1997-A and O-2585. In the latter, we held in an opinion addressed to you that the Insurance Department is authorized to charge New Hampshire companies a fee for all soliciting agents holding authority to solicit business for said foreign companies and operating out of Texas Recording Agencies which have been appointed by said New Hampshire companies. In the former, addressed to your supervisor of Agents' Licenses, we held that the aggregate of all taxes, fines, penalties, fees, and other charges imposed by the State of Kansas on a Texas Corporation operating within its borders should be considered in applying the retaliatory provisions of the Texas law.

In an opinion rendered to Honorable R. L. Daniels, Commissioner of Insurance, under date of July 20, 1936, it was pointed out and we quote:

"Unless a given situation clearly gives rise to retaliation under our statutes, the Retaliatory Law should not be applied, for the reason that retaliatory laws are strictly construed against the state enacting them, and in favor of the company or person to be affected thereby. This rule is announced in many cases, among which is that of Bankers Life vs. Richardson, 192 Cal. 113, 218 Pac. 586, 591; and Life & Casualty Insurance Company of Tennessee vs. Coleman, 233 Ky. 350, 25 S. W. (2d) 748."

We are constrained to believe that we have doubtless given insufficient consideration to your application of this retaliatory law. Since 1939, such opinions rendered by this department as may have been useful in your interpretation and application of this statute, reflect the confusion brought about by the language employed in the case of Employers Casualty Company vs. Hobbs, Commissioner, 149 Kansas 774, 89 Pacific (2d) 923, rendered in May of that year. The language of the opinion in that case by the Supreme Court of Kansas appears to conflict in many respects with our prior opinions. In this connection, we call your attention to the fact that none of the prior opinions of this department were overruled by our opinions O-1997-A and O-2585 which as a result, must be construed therewith.

Coming now to the specific controversy in question, there is involved only agents' license fees, one item of the named class of burdens which fall within the second group set forth in the statute, as pointed out in an opinion rendered to Honorable Raymond Mauk, written by Mr. Vernon Coe, Assistant Attorney General of Texas, under date of July 7, 1936.

It is our understanding and based upon questionnaire form in use by the department since the year 1940, that it has been the practice of the Insurance Department to apply in certain cases our retaliatory law to agent's license fees by assessing foreign insurance companies of a given state on the sole basis of the larger license fee required by the laws of the foreign state without taking into consideration the aggregate amount of all taxes, fines, penalties, certificates of authority, valuation of policies, or otherwise, required by the laws of Texas and paid by companies of the foreign state doing business in this State, as a condition precedent. This is what the department termed assessment by comparing fee against fee or made on an "individual basis", and was generally done where in response to a question propounded in the questionnaire to the Insurance Department of the foreign state, said state officials acknowledged applying the retaliatory law of their state likewise, namely, "fee against fee", or "individual bases". With reference to the state of Michigan here under consideration, we observe that during the years in question, its retaliatory law existed, substantially worded the same as our statute, Article 4758, V. A. C. S. We can further assume from the facts that during these years, Texas companies in the State of Michigan were assessed or subject to assessment on the "individual basis."

We are doubtful that the Legislature intended in enacting Article 4758, to authorize the Insurance Department to take individually, one item specified therein, namely, Agent's License Fees and by comparison, apply the retaliatory provisions of the statute in the face of the aggregate of all taxes etc. grouped as like items, greatly exceeding in Texas and payable under our laws, the aggregate of such items imposed by the laws of Michigan. We are convinced that the weight of authority is against such "individual basis" assessment under this factual situation existing between these two states.

Unless a case arises whereby a state is authorized to apply the retaliatory provisions of its law, it is further doubtful but that the only state authorized to allow credit is the state in which such retaliatory assessment is authorized to be made.

Our conclusion is reached from an examination of the records and all facts submitted to this department in connection with this request. Same shows grave doubt as to whether such situation as existed, considering the aggregate amount of taxes etc. paid by the Standard Accident Insurance Company and the Michigan Fire & Marine Insurance Company of the state of Michigan to the State of Texas for the years 1940, 1941 and 1942, made a proper case for the application of the retaliatory provisions of our retaliatory law to the item of Agent's License Fees.

It is therefore our opinion that you are authorized to accept the amounts voluntarily tendered to your department in settlement of such controversy over these years. This ruling however, is not to be construed as applying to any other fact situation or controversy or to affect other companies or charges and payments made for other years.

We are returning herewith, the brief and other documents belonging to your file.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        /s/
                  Wm. J. R. King
                  Assistant

WJRK:ff:bb
Encl.
APPROVED JAN. 28, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMIT-
TEE BY-A.W.,Chairman