

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 25, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Dear Sir:

Opinion No. WW-525

Re: Proper interpretation of
Article 21.46, Texas
Insurance Code--retalia-
tory statute.

You have requested an opinion of this office concerning the proper construction of Article 21.46 of the Insurance Code, Acts 55th Leg., R.S. 1957, p. 1184, ch. 396, Sec. 1. This article provides:

"Whenever by the laws of any other state or territory of the United States any taxes, licenses, fees, fines, penalties, deposit requirements or other obligations, prohibitions or restrictions are imposed upon any insurance company organized in this State and licensed and actually doing business in such other state or territory which, in the aggregate are in excess of the aggregate of taxes, licenses, fees, fines, penalties, deposit requirements or other obligations, prohibitions or restrictions directly imposed upon a similar insurance company of such other state or territory doing business in this State, the Board of Insurance Commissioners of this State shall impose upon any similar company of such state or territory in the same manner and for the same purpose, the same taxes, licenses, fees, fines, penalties, deposit requirements or other obligations, prohibitions or restrictions; provided, however, the aggregate of taxes, licenses, fees, fines, penalties or other obligations imposed by this State pursuant to this Article 21.46 on an insurance company of another state or territory shall not exceed the aggregate of such charges imposed by such other state or territory on a similar insurance company of this State actually licensed and doing business therein; . . ."

In your opinion request you state:

"We find it quite difficult to find the 'aggregate' of such diverse items as taxes, licenses, fees, fines, penalties, deposit requirements, obligations, prohibitions or restrictions. It is much like trying to find the aggregate of apples, oranges, bananas, potatoes and tomatoes.

"We are of the opinion that the only practical construction and interpretation of the statute is that each enumerated item contained in the statute must be viewed and computed separately, determine the aggregate of such separate item, and apply the retaliatory law to each separate item. In other words, it is our opinion that proper construction of the statute would be to consider and total all taxes as such, determine the aggregate of the taxes, and then apply the retaliatory law to these taxes. We would then consider all licenses to determine the aggregate of such licenses, and apply the retaliatory law to licenses. A similar procedure would then be used with respect to each of the other items enumerated and mentioned in Article 21.46."

Your first question is whether this interpretation is correct. It is the opinion of this office that the construction as stated is incorrect.

The legislative history of this article is pertinent: In 1909 the Legislature enacted a statute which was designated as Article 4758, V.C.S. (Acts 1909, p. 192, § 29 as amended in Acts 44th Leg., 1935, p. 713, ch. 307, § 1) which was also a retaliatory act. Article 4758 did not expressly require an "aggregate" method of computation; however, the Attorney General in Opinion No. 0-1997-A approved July 11, 1940, held that a construction of the statute comparing fees against fees, taxes against taxes, penalties against penalties, was erroneous and the total or aggregate of all taxes, fines, penalties, fees and other charges imposed by the foreign state should be compared with the aggregate imposed by the Texas law on a foreign corporation for the purpose of applying the act. Although Article 4758 was repealed in 1951 (Acts 1951, 52nd Leg., p. 868, ch. 491, § 4) substantially identical language to that of Article 4758 was incorporated in House Bill 278, Section 1 (later enacted as Article 21.46) when it was introduced. The word "aggregate" was later added by committee amendments and by House floor amendments (Daily House Journal, pp. 2407, 2409, April 29, 1957) which incorporated substantially the language now set out in the text of Article 21.46. Therefore, the construction placed by our former opinion would apply to the bill as it was originally introduced and the addition of the amendments would further militate for the construction set out in Attorney General's Opinion 0-1997-A.

Many other states have retaliatory statutes which are similar in language as well as in nature. The cases hold that the purpose of the retaliatory statutes is to provide that an insurance corporation incorporated under the laws of the retaliating states can enter into and operate in other states on parity with their domestic insurance

corporations. They are calculated to equalize the burden a foreign corporation must carry with that imposed by the state of its domicile upon a domestic corporation of the retaliating state doing business in that foreign state. The statutes are based on the principle of comity between the states. State v. Reinmund, 45 Ohio State 214, 13 N.E. 30 (1887), Life and Casualty Insurance Company of Tennessee v. Coleman, 233 Ky. 350, 25 S.W.2d 748 (1930), Employers Casualty Company v. Hobbs, 149 Kansas 774, 89 P.2d 923 (1939), Occidental Life Insurance Company v. Holmes, 80 P.2d 383 (Montana Sup.Ct. 1938), Pacific Mutual Life Insurance Company v. State, 161 Wash. 135, 296 P. 813 (1931). Thus, the statute is designed to place on the foreign corporation coming into Texas a burden equal to the burden imposed by the state of such foreign corporation's domicile upon any similar Texas insurance company licensed to do business and actually doing business in the foreign state. It is the total and ultimate effect of the "taxes, licenses, fees, fines, penalties, deposit requirements or other obligations, prohibitions or restrictions" directly imposed by the foreign state upon a similar Texas corporation which must be compared with the total and ultimate effect of the "taxes, licenses, fees, etc.," which would be directly imposed by the Texas statutes other than Article 21.46 upon the foreign insurance company. An item by item comparison of the aggregate taxes with aggregate taxes, aggregate fees with aggregate fees, etc. does not total burdens. While the aggregate taxes imposed by the foreign state might exceed the aggregate taxes imposed by Texas in the absence of Article 21.46, the aggregate fees imposed by the foreign state might be so much less than the aggregate fees imposed by Texas so that the excess of the aggregate Texas fees over the aggregate foreign fees would exceed the excess of the aggregate foreign tax over the aggregate Texas tax. The construction suggested by your department would not allow for this offset and would not be a comparison of the total burdens with an aim towards equalizing them, and thus would not be in harmony with the purposes of the statute.

In the case of Employers Casualty Company v. Hobbs, 149 Kansas 774, 89 P.2d 923, 926 (1939), the Court expressly rejected a construction of the Kansas statute in the manner your opinion request suggests is the proper construction for the Texas statute. The Court stated:

> "There can be no equalization of the burden unless the taxes levied or the obligations imposed are the same in the aggregate."

The Court in that case held that the total of fees, taxes, licenses, etc., should be aggregated or totaled. The Kansas statute significantly does not expressly require aggregation.

Occidental Life Insurance Company v. Holmes, 80 P.2d 383 (Sup.Ct.Mont. 1938), concerned the construction of the Montana statute.

The issue was whether the statute should be applied at all. The company contended the proper construction was one involving a totaling of all exactions imposed. The Court in upholding the company's position said:

> "To arrive at a fair and equitable adjustment and to give the statute such an effect, the total exactions must be taken into account irrespective of how such exactions may be characterized or named."

The Maryland statute, apparently, has also been construed to require computation of the total or aggregate of "taxes, fees, fines, penalties, licenses, deposit requirements or other obligations, prohibitions or restrictions". See 38 Opin. A.G. 202, Dec. 21, 1953, wherein examination fees of a Texas corporation doing business in Maryland paid to the Maryland Department of Insurance were allowed as an offset against the retaliatory tax calculated on the base of the excess of Texas tax over Maryland tax; and see also 39 Opin. A.G. 191, Sept. 7, 1954, which allows an offset the cost of publication of an annual statement against the retaliatory tax.

In Arizona the Attorney General (Opin. 56-119, dated July 3, 1956) has held that their retaliatory statute and the use of the phrase "aggregate . . . requirements or other obligations . . . directly imposed upon similar insurers . . .", is conclusive that the intent of the Legislature was to allow for all burdens directly imposed upon companies to be deducted.

We recognize the administrative difficulties involved in making such a comparison. We also recognize that a comparison of the total of all burdens was intended by the Legislature instead of the method presently used.

Your second question is predicated upon a negative answer to the first. You ask us as to the proper interpretation and construction of the statute. Because there is no specific fact situation submitted with the request, we will not be able to answer the question.

We recognize that a foreign state may impose on a Texas company a burden such as a recommendation that the company be licensed in doing business in Texas for five years prior to its admission to the foreign state. Since we have declined to answer your second question, this opinion should not be construed as prescribing how burdens such as this, which by their nature may not be capable of being reduced to a common denominator with other burdens for the purpose of comparison, should be treated when applying Article 21.46 except to say that the present interpretation of the Department of Insurance is incorrect.

In your third question you inquire as to the date and time when such items are to be aggregated. The statute is silent insofar as this matter is concerned. Article 21.46 and Senate Bill 222, Acts 55th Leg., R.S. 1957, p. 1454, ch. 499, when construed together vest enforcement of Article 21.46 in the State Board of Insurance and direct that the duties therein set out be executed and carried out by the Commissioner of Insurance who acts under the supervision and rules and regulations of the State Board of Insurance. (Art. 1.04(b) and Art. 1.09(a)) Senate Bill 222 empowers the State Board of Insurance to make rules and regulations for the purpose of carrying out its duties and functions. (Art. 1.04(c)) It is our opinion that this is a matter lying within the sound discretion of the State Board of Insurance and the Commissioner and may properly be resolved by adoption of appropriate rules and regulations; provided, however, that the rules and regulations conform to the language and purposes of Article 21.46 and other applicable statutes.

In your opinion request you state:

"As mentioned above, Article 21.46 became effective on January 1, 1958. As we understand Attorney General's Opinion dated August 16, 1949, written by Assistant Attorney General Ned McDaniel to the Honorable George B. Butler, Chairman of the Board of Insurance Commissioners, and Attorney General's Opinion dated December 3, 1936, appearing in book 374, page 496, written by the Honorable W. W. Heath to the Honorable R. L. Daniel, Chairman of the Board of Insurance Commissioners, the taxes which are now due from foreign casualty and fire companies under Article 7064, Revised Civil Statutes, would be subject to the retaliatory law. These same opinions lead us to the conclusion that taxes now due from foreign life insurance companies under Article 4769, Revised Civil Statutes, would not be subject to the retaliatory law."

Your final question is whether the present interpretation and construction of these opinions and the construction of Article 21.46 is correct.

We have carefully examined the opinions referred to, together with the present text of Article 4769 and Article 7064, Vernon's Civil Statutes. It is the opinion of this office that basic features of both of these tax statutes have not been changed since the issuance of these two opinions. The principles stated in those opinions are still applicable. Therefore, since the gross premium tax levied under Article 7064 is an occupation tax for the privilege of doing business in this State, payable in advance, the tax presently due under this article would be a tax for doing business during 1958, subsequent to the effective date of the retaliatory act. Accordingly, these taxes should

be taken into consideration in applying the retaliatory act. In contrast, the taxes now due under Article 4769 are imposed for doing business in 1957 prior to the effective date of the retaliatory act and should not be taken into consideration in applying the retaliatory act.

## SUMMARY

The Retaliatory Act, Article 21.46, requires a comparison of total burdens imposed by Texas laws on a foreign insurance company with the total burdens imposed by the State of its domicile upon similar Texas corporations licensed to do business and actually doing business in the foreign state; accordingly, the method of "aggregating" the items enumerated in Article 21.46 that are set out in the opinion request are incorrect. The date and time on which these various items are to be aggregated rest within the discretion of the State Board of Insurance and may be determined by rules and regulations. The Retaliatory Act should be applied to the taxes now due pursuant to Article 7064, Vernon's Civil Statutes, but should not be applied to the taxes now due under Article 4769, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
Wallace P. Finfrock
Assistant

WPF:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
Tom I. McFarling
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert