Commonwealth *v.* Fireman's Fund Insurance Company, Appellant.

Argued January 16, 1952. Before Drew, C. J., Stern, Stearne, Bell, Chidsey and Musmanno, JJ.

*George H. Hafer,* with him *William H. Wood, Hull, Leiby & Metzger* and *Warner, Stackpole, Stetson & Bradlee,* for appellant.

*David Fuss,* Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, March 24, 1952:

These appeals by the Fireman's Fund Insurance Company arise out of a resettlement by the Commonwealth of certain charges against appellant in the amount of $2009.77 for 1944 and 1783.15 for 1945 and present the question of the constitutionality and application of Section 212 of the Act of May 17, 1921, P. L. 789, as amended. The Court of Common Pleas of Dauphin County sustained the resettlement and entered judgment for the Commonwealth.

Appellant is a California Corporation doing fire insurance business in Pennsylvania. Accordingly, under the Act of June 1, 1889, P. L. 420, §24, as amended, an annual tax is assessed against it at the rate of 2% of the gross premiums received from Pennsylvania business. The amount thus determined has been paid without protest and is not questioned here. The California gross premiums tax on foreign insurance companies is 2.5% and as a result of that an additional charge of .5% was levied against appellant under the terms of Section 212 of the Act of 1921, supra, as amended by the Act of May 24, 1933, P. L. 988, which provides: "If, by the laws of any other state, any taxes, fines, panalties, licenses, fees, or other obligations or prohibitions, additional to or in excess of those imposed by the laws of this Commonwealth upon . . . insurance companies . . . are imposed on . . . insurance companies . . . of this Commonwealth doing business in such state, like obligations and prohibitions shall be imposed upon all . . . insurance companies . . . of such state doing business in this Commonwealth, so long as such laws remain in force." The charge made under that sec-

tion was later resettled by deducting from it the amount of license fees paid by appellant during the year. It is the balance remaining due after the resettlement that is here questioned.

The title of the Act of 1921, supra, states that it is "AN ACT Relating to insurance; establishing an insurance department; and amending, revising, and consolidating the law relating to the licensing, qualification, regulation, examination, suspension, and dissolution of insurance companies . . ." It is appellant's position that since reference is not made in the title to a retaliatory charge, Section 212, which imposes it, violates Article III, §3 of the Pennsylvania Constitution.

Article III, §3 of the Constitution states: "No bill . . . shall be passed containing more than one subject, which shall be clearly expressed in its title." The purpose of that section is to eliminate the so-called "omnibus bills" and it is intended to operate to exclude from an act that which is secret and unrelated: *Commonwealth v. Stofchek*, 322 Pa. 513, 517, 185 A. 840; *Dailey v. Potter County*, 203 Pa. 593, 597, 53 A. 498. The inclusion of substantive matter entirely disconnected with the subject contained in the title renders it unconstitutional: *Soldiers and Sailors Memorial Bridge*, 308 Pa. 487, 490, 162 A. 309; *Com. ex rel. Schnader v. Liveright*, 308 Pa. 35, 82, 161 A. 697. On the other hand, things incidental to the real subject of the act need not be recited in the title: *Sloan v. Longcope*, 288 Pa. 196, 202, 135 A. 717; *Reeves v. Phila. Sub. Water Co.*, 287 Pa. 376, 386, 135 A. 362. Thus the title need not be an index of everything contained in the act: *Retirement Board v. McGovern*, 316 Pa. 161, 165, 174 A. 400; *Specktor v. Hanover Fire Ins. Co.*, 295 Pa. 390, 393, 145 A. 430; *Commonwealth ex rel. v. Dale Boro*, 272 Pa. 189, 191, 115 A. 873. It is sufficient to satis-

fy the constitutional requirement if the title will lead a reasonably inquiring mind into the body of the act: *Commonwealth ex rel. White v. Miller,* 313 Pa. 140, 143, 169 A. 436; *Boocks's Petition,* 303 Pa. 363, 366, 154 A. 710; *Commonwealth v. Budd Wheel Co.,* 290 Pa. 380, 386, 138 A. 915.

With these principles in mind it is obvious that the Act here under consideration meets all of the requirements of Article III, §3. A reading of the title creates the clear impression that the Act is a comprehensive exposition of the law governing insurance companies, both domestic and foreign, operating in this Commonwealth. Every insurance company doing business in Pennsylvania would, upon reading the title of the Act, immediately be put on notice that the matter contained therein affected their operation and would inquire into its contents. That is all that the Constitution requires. See e.g. *Commonwealth ex rel. v. Macelwee,* 294 Pa. 569, 144 A. 751; *Blanchard v. McDonnell,* 286 Pa. 283, 133 A. 505.

Appellant states that this is a tax and one does not reasonably expect to find the imposition of a tax in a statute regulating a business. Such an argument misconceives the purpose of the retaliatory charge. It is certainly not a revenue raising measure. In fact, its success might be said to depend on how little is collected under its terms rather than how much. It is designed to bring about equality of treatment between domestic and foreign corporations and to break down interstate barriers. Such a purpose falls within the police power and is properly classified as a regulation of the insurance business under that power. It is in the same category as a license fee or other similar charges. This is demonstrated by *Phila. Fire Association v. New York,* 119 U. S. 110, where the United States Supreme Court held that a similar retaliatory

charge imposed by the state of New York was an entrance fee or license fee. It must be conceded that license fees are regulatory and that being true, the subject matter of Section 212 is included in the title of the Act and Article III, §3 of our Constitution is satisfied.

Appellant next contends that Section 212 violates Article IX, §1, of the Pennsylvania Constitution which provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax . . ." What we have said above goes far toward answering this argument also. The charge imposed is in the nature of a license fee levied under the police power. The rule is well established that uniformity requires only that a basis of classification be reasonable: *Com. v. Girard Life Insurance Co.,* 305 Pa. 558, 158 A. 262; *Knisely v. Cotterel,* 196 Pa. 614, 46 A. 861. This is nowhere more true than in the case of licensing fees: *Com. v. Muir,* 1 Pa. Superior Ct. 578, 581, affirmed 180 Pa. 47. As we have stated, the purpose of imposing the charge is to bring about equality of treatment. Under Section 212, foreign insurance companies are treated precisely the same as our domestic companies are treated in their state. This is both a reasonable and proper basis of classification. In *Philadelphia Fire Association v. New York,* supra, the United States Supreme Court reached the same result in holding that the New York statute did not violate the Fourteenth Amendment of the Federal Constitution. It is an accepted principle that in regard to reasonableness of classification, the Fourteenth Amendment of the Federal Constitution and Article IX, §1, of the Pennsylvania Constitution stand in pari materia. See *Com. v. Girard Life Insurance Co.,* supra.

Furthermore, the overwhelming weight of authority is in accord with our views as we have here expressed

them. In fact, with the exception of Alabama (*State v. Firemen's Fund Ins. Co.*, 223 Ala. 134) all states having constitutional requirements of uniformity which have ruled on this question have held that the retaliatory charges were valid: *Clay v. Dixie Fire Insurance Company*, 168 Ky. 315; *Home Ins. Co. v. Swigert*, 104 Ill. 653; *State ex rel. Baldwin, Att'y. Gen'l., v. Insurance Company of North America*, 115 Ind. 257; *State v. Insurance Company of North America*, 71 Neb. 320. See also: *Goldsmith v. The Home Insurance Co.*, 62 Ga. 379; *Phoenix Insurance Co. v. Welch*, 29 Kan. 672; *The People v. Fire Association of Philadelphia*, 92 N. Y. 311.

Appellant's last contention is that certain payments made by it to the Fire Insurance Patrol of the City of Philadelphia are an obligation imposed by the laws of the Commonwealth within the meaning of Section 212, and hence a credit should be allowed for those payments in computing the retaliatory charge.

The Fire Insurance Patrol was originally incorporated as a non-profit organization under the Act of February 17, 1871, P. L. 59. It was later reorganized and is now operating under the Act of May 22, 1895, P. L. 102. By the terms of that Act, it became lawful for certain officers of fire insurance companies doing business in cities of the first class to form a corporation for the purpose of protecting life and property from fire. A corporation thus formed was given the power to maintain a corps of men to affect this purpose. The costs of maintaining the necessary men and equipment were to be paid by all companies doing business in the first class cities and were to be assessed at an annual meeting at a rate not to exceed 2% of the gross premiums received.

Appellant became a member of the Patrol upon its reorganization under the Act of 1895 and has regularly

paid all assessments levied against it. It argues that, since under the terms of the Act all companies must pay the assessments regardless of membership, they are an obligation imposed by law and should be deducted from the retaliatory charge. To accept such an argument would be to place far too broad a meaning on Section 212. When that section speaks of "taxes, fines, penalties, licenses, fees, or other obligations" it is not and cannot be referring to all legal obligations. If such were the case, appellant could also deduct the amount of claims it pays since they are legal obligations imposed by and enforceable under the laws of this Commonwealth. What Section 212 means is that all taxes, fines, penalties, licenses, fees, or other obligations *of similar nature* are to be computed. The assessment by the Patrol is in no way similar to the specific items named. It is not levied by the Commonwealth but by the Patrol itself and it is collected and disbursed by that organization, a private body and not a part of the government. The Commonwealth in no way controls the amount, collection or use of the funds.

Moreover, the Patrol operates in cooperation with the Fire and Police Departments by standing by damaged property or property exposed to damage after the Fire Department has abandoned it. In that way the Patrol is able to prevent or extinguish further fires with a resultant saving of thousands of dollars worth of property in the course of a year. This is, of course, a direct benefit to the fire insurance companies and it is because of that benefit that the Patrol was originally organized and has been maintained. Thus the payments made to the Patrol are a quid pro quo for the benefits received and as such are not within the meaning of Section 212.

Both the constitutionality and the application of Section 212 of the Act of 1921, supra, as amended, were .

correctly decided by the learned court below. Accordingly, its approval of the resettlement was proper.

Judgment affirmed.