## Occidental Life Insurance Company of California *v.* Commonwealth.

Argued September 11, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Lewis S. Kunkel, Jr.,* with him *John B. Huffaker* and *Pepper, Hamilton & Scheetz,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 17, 1972:

Occidental Life Insurance Company of California (Occidental) is a California insurance company authorized to do business in Pennsylvania. Because California's gross premium tax rate was higher than the rate in Pennsylvania,[1] Occidental was required to pay to Pennsylvania an additional charge, or "retaliatory tax," pursuant to the provisions of the Act of May 17, 1921, P. L. 789, Art. II, §212, as amended, 40 P.S. §50. That Section provides, in part, that: "If any other state imposes any burdens or prohibitions on insurance companies, or agents of this state doing business in

---

[1] The rate in California was 2. 35%. California Gross Premiums Tax Act, 1943, c. 856, p. 2833, §3, as amended. Pennsylvania's rate in 1968 was 2%. Act of February 21, 1961, P. L. 33, 72 P.S. §2270.1 et seq., repealed by Act of March 4, 1971, P. L.    , No. 2, Art. IX, §905, 72 P.S. §7905.

such other state, which are in addition to, or in excess of, the burdens or prohibitions imposed by this Commonwealth on insurance companies and agents, like burdens and prohibitions shall be imposed on all insurance companies and agents of such other state doing business in this Commonwealth, so long as the burdens and prohibitions of such other state remain in force. In applying this section to an insurance company of another state, such company shall not be required to pay any taxes and fees which are greater in aggregate amount than those which would be imposed by the laws of such other state and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state."

The gross premiums tax owed by a foreign company is determined by first ascertaining the rate that company's home state imposes on insurance companies. If that rate is the same or less than Pennsylvania's, the company's tax is ascertained by applying the Pennsylvania tax rate. If the rate of tax in the home state exceeds that in Pennsylvania, the foreign company is taxed at the Pennsylvania rate, but, in addition, another tax is imposed using as a rate the difference between the home state rate and Pennsylvania's rate. This latter is the "retaliatory tax."

At issue in this case is the right of Occidental to deduct from its total gross premiums tax and retaliatory tax the use taxes which it paid to Pennsylvania during the year ending December 31, 1968. California exempts insurance companies from the payment of its sales and use tax,[2] therefore Occidental claimed the amount it had paid in use taxes as a credit on its gross premiums tax return. Occidental argued that refusing

---

[2] California Constitution, Art. 13, §14 4/5(f).

to allow the credit would result in its paying an aggregate amount of taxes which would exceed the aggregate amount a Pennsylvania company, transacting the same volume and kind of business, would pay in California. The credit was disallowed when the taxes were settled by the Department of Revenue and approved by the Department of Auditor General. A petition for resettlement was timely filed with, and thereafter refused by, the Board of Finance and Revenue, and an appeal was then taken to the Court of Common Pleas of Dauphin County, whence it was transferred to this Court. The parties have filed a stipulation of facts which we adopt as our findings of fact and incorporate herein by reference. A trial by jury has been waived as provided by the Act of April 22, 1874, P. L. 109, §1, 12 P.S. §688.

The purpose of a retaliatory charge is to bring about equality of treatment. Foreign insurance companies are to be treated by Pennsylvania in precisely the same manner as Pennsylvania companies are treated by their home state. Since Massachusetts first passed a Retaliatory Insurance Tax Act in 1856, they have been enacted in virtually every state. Their constitutionality has been almost uniformly upheld,[3] including Pennsylvania's in *Commonwealth v. Fireman's Fund Insurance Co.*, 369 Pa. 560, 87 A. 2d 255 (1952). The Supreme Court stated therein that the retaliatory tax "is certainly not a revenue raising measure. In fact, its success might be said to depend on how little is collected under its terms rather than how much. It is designed to bring about equality of treatment between domestic and foreign corporations and to break down interstate barriers." 369 Pa. at 564, 87 A. 2d at 258.

---

[3] The sole exception appears to be Alabama. *State v. Firemen's Fund Insurance Co.*, 223 Ala. 134, 134 So. 858 (1931).

It would seem clear that to bring about this equal treatment, a credit against the retaliatory tax must be granted to a foreign insurance company for certain taxes and fees paid to Pennsylvania or its municipalities.[4] As a matter of fact, the Commonwealth has in this case permitted Occidental to deduct from its retaliatory tax certain taxes paid directly to the City of Philadelphia. The difference of opinion apparently arises as to what types of taxes may be credited against the retaliatory tax. Shall only those taxes and fees placed on an insurance company as a condition of doing business in Pennsylvania, and which are not charged against a Pennsylvania corporation by California, be considered "burdens and prohibitions," as envisaged by Section 212, and be so credited? Or is Section 212 not so limited, and may Occidental deduct from its retaliatory tax any tax or fee paid in Pennsylvania which is not in turn paid by a Pennsylvania corporation in California?

This issue has recently been considered in two other states. In Arizona, the Supreme Court held that taxing a foreign insurance company in any manner so as to place a higher burden on it than is placed on a local company operating in that foreign company's home state would defeat the entire premise of equalizing taxation. This case involved ad valorem taxes on real or personal property. *Pacific Mutual Life Insurance Company v. Bushnell*, 97 Ariz. 18, 396 P. 2d 253 (1964). In Illinois, the Court held that its Retaliatory Tax Act did not permit deduction of personal property taxes. The specific basis for this holding, however, was that

---

[4] Cases from other jurisdictions considering such point include: *Employer's Casualty Co. v. Hobbs*, 149 Kan. 774, 89 P. 2d 923 (1939); *John Hancock Mutual Life Insurance Company of Boston v. Pink*, 276 N.Y. 421, 12 N.E. 2d 529 (1938); *Life & Casualty Insurance Co. of Tennessee v. Coleman*, 233 Ky. 350, 25 S.W. 2d 748 (1930).

the prefatory section of the Illinois Act refers to laws which are "a condition precedent to their doing business. . . ." Therefore, a foreign insurance company doing business in Illinois could only deduct from its retaliatory tax those taxes imposed by Illinois, but not by their home state, as a condition precedent for doing business. *Pacific Mutual Life Insurance Company v. Gerber*, 22 Ill. 2d 196, 174 N.E. 2d 862 (1961).

It is our opinion that the language of Section 212 mandates that Occidental must be given credit for use taxes paid to Pennsylvania. Section 212 provides that the terms "Burdens and Prohibitions" shall include "taxes, fines, penalties, licenses, fees, rules, regulations, obligations, and prohibitions. . . ." It further provides that in applying the section to a foreign company, "such company shall not be required to pay *any* taxes and fees which are greater in *aggregate* amount than those which would be imposed by the laws of such other state . . . [upon a Pennsylvania company]." (Emphasis added.) There is certainly no indication that Section 212 was intended to limit "any" taxes to only those taxes upon the right to engage in business in Pennsylvania. It has been said that, "in approaching this question, it seems to have been uniformly decided that 'retaliatory' statutes must be strictly construed." *Farm Bureau Mutual Automobile Insurance Company v. Neel*, 55 Dauph. 325, 329 (1944), and a strict construction of Section 212 requires us to find that Occidental may deduct from its retaliatory tax the use taxes it has paid to Pennsylvania.

The intent of a retaliatory statute such as Section 212 is to establish an equality of treatment between foreign corporations doing business in Pennsylvania and Pennsylvania corporations doing business in their home state. If Occidental were not to be permitted to deduct the use taxes it paid from its retaliatory tax it

would not be given equal treatment with a Pennsylvania company doing business in California and transacting the same volume and kind of business. Occidental would, "in aggregate amount," be paying higher taxes, which would defeat the purpose of Section 212, and the scheme of retaliatory taxation in general.

We, therefore, make the following

### CONCLUSIONS OF LAW

1. Section 212 of the Act of May 17, 1921, P. L. 789, as amended, 40 P.S. §50, permits a foreign insurance company to deduct from the "retaliatory tax" imposed by that Section sales and use taxes paid to Pennsylvania which are not in turn imposed on Pennsylvania insurance companies doing business in its home state.

2. The Commonwealth incorrectly settled the 1968 gross premiums tax and "retaliatory tax" of Occidental Life Insurance Company of California.

### ORDER

AND NOW, October 17, 1972, the order of February 24, 1970 of the Board of Finance and Revenue relative to the Occidental Life Insurance Company of California is reversed and the Commonwealth is directed to resettle said company's 1968 gross premiums tax in the following manner:

| | |
|---|---|
| Gross Premiums Tax | $168,779.78 |
| Retaliatory Tax | 25,374.59 |
| Less Tax Paid— | |
| City of Philadelphia | (4,247.65) |
| Less Use Tax Paid— | |
| Commonwealth of Pennsylvania | (994.19) |
| | $188,912.53 |

Accordingly, judgment is hereby entered in favor of the Commonwealth in the amount of $188,912.53, together with any interest allowed by law and with a credit allowed to the said company for such amount, if any, as it has paid on such obligation, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.