Providence Washington Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Board of Finance and Revenue, Respondent.

Affiliated F. M. Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Board of Finance and Revenue, Respondent.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Ronald D. Butler,* with him *William A. Fetterhoff, Ronald D. Butler and Associates, P.C.,* for petitioners.

*Robert Patrick Coyne,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 13, 1983:

We have consolidated the tax appeals of Affiliated F. M. Insurance Company and Providence Washington Insurance Company from decisions of the Board of Finance and Revenue sustaining the settlements by the Department of Revenue of the gross premium tax of each for the years ending respectively December 31, 1977, and December 31, 1976.

The facts in both cases have been stipulated of record. We adopt these as our findings of fact. The stipulations are identical except with respect to the numerical details concerning the refunds and settlement of each petitioner. In the course of our discussion we shall refer to such of the stipulated facts as we deem essential to disposition of the appeal.

Each of the petitioners is incorporated in Rhode Island and each does business in Pennsylvania. Both are subject to the tax of two percent on gross premiums on sales of insurance within Pennsylvania, including workmen's compensation insurance, which Pennsylvania imposes on all insurance companies doing

business in Pennsylvania pursuant to the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7901-7906. The State of Rhode Island also imposes a two percent tax on gross premiums from sales of insurance.

In addition to paying a two percent gross premiums tax on all workmen's compensation insurance sold in Rhode Island, that State, pursuant to Section 28-38-5 of the General Laws of Rhode Island, requires all insurance companies writing or renewing workmen's compensation insurance in Rhode Island to contribute one and one-half percent of the gross premiums received from workmen's compensation insurance written or renewed by it within Rhode Island or subject to the jurisdiction of Rhode Island during the previous calendar year into the special treasury department fund known as the Dr. John E. Donley Rehabilitation Fund. This fund is used for the care and maintenance of the Dr. John E. Donley Rehabilitation Center located in Providence, Rhode Island. The center's only source of funding is the contribution of the one and one-half percent of the workmen's compensation insurance premiums. Treatment at the center is free to injured Rhode Island workers whose employers have complied with the provisions of the Workmen's Compensation Act of Rhode Island and is available on the same terms to workers whose employers are policy holders with Pennsylvania insurance carriers. Further, there are no charges for the services rendered at the center, either to the carrier or to the worker patient, regardless of the services rendered or the length of time during which such services may be needed.

The center provides physical therapy, psychotherapy and occupational therapy to injured workers and provides such workers modern curative treatment, rehabilitation and therapy under the supervision of

medical personnel in consultation with the workers' own physicians. The center does not treat injured workers suffering from brain damage, eye, ear, nose or mouth injuries. It treats primarily orthopedic type injuries. The center treats approximately two percent of the injured workers of the entire State of Rhode Island. The majority of injured workers in Rhode Island, as in Pennsylvania, are treated in private health care facilities. Most injured wokers are provided medical rehabilitation services through the workmen's compensation insurance carrier of their employer. All workmen's compensation insurance carriers which provide such coverage in Rhode Island have the opportunity to use the center for rehabilitation and treatment of workmen's compensation injuries.

Under no circumstances are injured Pennsylvania workers entitled to free treatement at the Donley Center, although they may be insured by a Pennsylvania insurance carrier writing or renewing workmen's compensation insurance in Rhode Island and which pays the additional one and one-half percent charge to Rhode Island.

The Commonwealth of Pennsylvania established the Hiram G. Andrews Center in Johnstown, Pennsylvania, which provides similar rehabilitative services to the Donley Center. The Andrews Center charges fees to the patient, the patient's employer, or to the employer's insurance carrier to pay for the services rendered. The Andrews Center was constructed by general funds of the Commonwealth of Pennsylvania. Since 1959 it has been a self-supporting government institution. There is no special assessment made against insurance carriers who sell workmen's compensation insurance to fund this facility.

The Donley Center, as a result of treatment, therapy and rehabilitation rendered there, tends to reduce lost time from the job attributable to workers'

injuries. The Donley Center also reduces the expenses of such treatment, therapy, and rehabilitation which would have been incurred by the carrier if the injured worker had to seek or be referred for such services to a private facility.

For the tax year ending December 31, 1976, Providence Washington filed in Pennsylvania its gross premium return and duly paid the tax of two percent on gross premiums from the sale of insurance. For the tax year ending December 31, 1976, Affiliated F. M. also filed its Pennsylvania gross premium return and paid the tax of two percent on gross premiums. Both companies filed a retaliatory tax information return with the Pennsylvania Department of Revenue indicating that no retaliatory tax was due.

By settlement made by the Department of Revenue, each company was assessed a one and one-half percent retaliatory tax on worker's compensation premiums collected in Pennsylvania during the pertinent tax year because the department determined that Rhode Island charged an additional one and one-half percent on gross premiums on Pennsylvania companies doing business in Rhode Island for the funding of the Donley Center. Both companies paid the retaliatory tax under protest. Providence Washington filed a petition for resettlement of its insurance but resettlement was refused by the Resettlement Board. Affiliated F. M. filed a petition for a refund the prayer of which the Board of Finance and Revenue refused.

## DISCUSSION

The Pennsylvania retaliatory tax imposed by Section 212 of The Insurance Department Act of 1921 (Act), Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §50 is responsive to the burdens imposed on Pennsylvania insurers by the insurance tax laws of other jurisdictions. The rate of tax is set at an amount equal

to the difference between the "burdens of prohibitions" imposed by Pennsylvania on a foreign insurance company doing business in Pennsylvania and the "burdens or prohibitions" imposed by the foreign insurance company's home state on Pennsylvania insurance companies doing business in the other state. *Western & S.L.I. Co. v. Board of Equalization*, 451 U.S. 648, 651 (1981). Section 212 of the Act provides pertinently:

> If any other state imposes any *burdens or prohibitions* on insurance companies, or agents of this state doing business in such other state, *which are in addition to, or in excess of, the burdens or prohibitions imposed by this Commonwealth* on insurance companies and agents, like burdens and prohibitions shall be imposed on all insurance companies and agents of such other state doing business in this Commonwealth, so long as the burdens and prohibitions of such other state remain in force. In applying this section to an insurance company of another state, *such company shall not be required to pay any taxes and fees which are greater in aggregate amount than those which would be imposed by the laws of such other state* and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state. (Emphasis added.)

The Act defines "burdens and prohibitions" to include: "taxes, fines, penalties, licenses, fees, rules, regulations, obligations, and prohibitions,...."

The petitioners contend that the one and one-half percent assessment by Rhode Island to create a special fund for the financial support of the Dr. John E. Donley Rehabilitation Center does not constitute a "burden or prohibition" within the meaning of Section

212 of the Act and that therefore, the imposition of the retaliatory tax by Pennsylvania was in error.

The United States Supreme Court in *Western & S.L.I. Co. v. Board of Equalization*, 451 U.S. 648 (1981) stated that the purpose of retaliatory tax laws "is to promote the interstate business of domestic insurers by deterring other states from meeting discriminatory or excessive taxes," and quoted Annot. 91 A.L.R. 795 (1934):

> [W]hatever their character, it is obvious ... that their ultimate object is not to punish foreign corporations doing business in the state, or retort the action of the foreign state in placing upon corporations of the enacting state doing business therein burdens heavier than those imposed upon corporations of such foreign state doing business in the enacting state, but to induce such foreign state to show the same consideration to corporations of the enacting state doing business therein as is shown to corporations of such foreign state doing business in the enacting state.

*Id.* at 668-69. The Pennsylvania Supreme Court wrote in *Commonwealth v. Fireman's Fund Insurance Co.*, 369 Pa. 560, 87 A.2d 255 (1952) that:

> It [the retaliatory tax] is certainly not a revenue raising measure. In fact, its success might be said to depend on how little is collected under its terms rather than how much. It is designed to bring about equality of treatment between domestic and foreign corporations and to break down interstate barriers.

*Id.* at 564, 87 A.2d at 258.

The petitioners relying on *Fireman's Fund Insurance Co.* contend that the payments made to the Donley Center by foreign insurance companies are the *quid pro quo* for benefits received by the insurance

companies, including Pennsylvania carriers, in the form of inexpensive and high quality rehabilitative services and that the center therefore, reduces the expenses of the insurance company. In *Fireman's Fund Insurance Co.*, the insurance carrier contributions were mandated by Pennsylvania statute to a private, nongovernmental, and nonprofit fire fighting organization, called the "Fire Insurance Patrol" operating in Philadelphia under state statute. The Patrol's purpose was to stand by damaged or threatened structures after the fire department had left and, thereby reduce the losses of the fire insurance carriers to vandals and the restarting of fires. The Pennsylvania Supreme Court held that the payments made by the insurance company to the Patrol were not obligations *of similar nature* to the items listed in Section 212 of the Act which, as we have noted, are taxes, fines, penalties, licenses or fees and that the insurance companies were not subject to the retaliatory tax because:

> It [assessment by Patrol] is not levied by the Commonwealth but by the Patrol itself and it is collected and disbursed by that organization, a private body and not a part of the government. The Commonwealth in no way controls the amount, collection or use of the funds.

*Id.* at 567, 87 A.2d at 259. The Court in *Fireman's Fund Insurance Co.* also observed that the fire insurance companies were benefitted directly from the payments because the Patrol prevented further fire losses resulting in savings for the insurance companies. "Thus the payments made to the Patrol are a quid pro quo for the benefits received and as such are not within the meaning of Section 212." *Id.* at 567, 87 A.2d at 259.

Although the parties have stipulated that the Donley Center tends to reduce time lost from the job by injured workers and the expense of treatment of in-

jured workers, the payment of Rhode Island exaction by Pennsylvania insurance companies for the support of the Donley Center, unlike the assessments made by the Fire Insurance Patrol, fit into Section 212's definition of "burdens or prohibitions" because they are obligations of *similar nature* to taxes, licenses or fees. Under the Act establishing the Dr. John E. Donley Rehabilitation Center fund, the fund is raised by the payments thereby required and is established in the Rhode Island treasury department. The fund is administered by the director of labor; the general treasurer of Rhode Island is the custodian of the fund; and, the center is established within the department of labor as part of the division of workmen's compensation. R.I. Gen. Laws §§28-38-1 — 28-38-25. Also unlike the assessment by the Patrol, the payment to the Donley fund is levied by the state with the state controlling "the amount, collection or use of the funds." *Fireman's Fund Insurance Co.*, 369 Pa. at 567, 87 A.2d at 259.

Also, in *Fireman's Fund Insurance Co.*, the Supreme Court was engaged in interpreting Section 212 of the Act as it existed after the section was amended by the Act of May 24, 1933, P.L. 988. The section was still later amended[1] to add the following:

In applying this section to an insurance company of another state, such company shall not be required to pay any taxes and fees which are *greater in aggregate amount* than those which would be imposed by the laws of such other state and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state. (Emphasis added.)

[1] Section 2 of the Act of May 25, 1951, P.L. 406.

As noted, the purpose of the retaliatory tax statute is to bring about equality in treatment between foreign and domestic insurance companies. *Occidental Life Insurance Co. of California v. Commonwealth*, 6 Pa. Commonwealth Ct. 532, 535, 295 A.2d 853, 854 (1972). By its express terms, the amendment to Section 212 calls for a determination of the tax or obligation due by a comparison of the aggregate economic burdens and exactions of each state. Therefore, the tax is to be calculated by placing all of the economic burdens and prohibitions imposed by Pennsylvania and named in Section 212 on one side of the eventual equation, and all of the economic burdens and prohibitions imposed by Rhode Island on the other and by using the retaliatory tax, to bring the sides into balance. *See Occidental Life Insurance Co. of California; Twin City Fire Insurance Co. v. Bell*, 232 Kan. 727, 658 P.2d 1038 (1983); *State Insurance Commissioner v. Nationwide Mutual Insurance Co.*, 241 Md. 108, 215 A.2d 749 (1966).

### Conclusions of Law

1. Providence Washington Insurance Company and Affiliated F. M. Insurance Company are insurance companies incorporated in the State of Rhode Island and licensed to and do conduct business in the State of Pennsylvania.

2. Both Rhode Island and Pennsylvania impose a tax of two percent on gross premiums received from business done within each respective state.

3. Rhode Island also requires that for the privilege of writing or renewing workmen's compensation insurance in Rhode Island, an insurer shall annually pay one and one-half percent of the gross premiums received from workmen's compensation insurance to the Dr. John E. Donley Rehabilitation Center fund.

4. The one and one-half percent charge made by Rhode Island for the Donley fund is a burden or prohibition within the meaning of Section 212 of the Act.

5. Resettlement by the Department of Revenue to include a one and one-half percent retaliatory tax on workmen's compensation premiums collected in Pennsylvania was lawful and proper.

6. In accordance with the stipulation in paragraph 26 judgment is entered in favor of the Commonwealth and against Providence Washington Insurance Company in the amount of $26,991.09, together with interest and costs according to law; subject to credit for the amount of tax heretofore paid; and the order appealed from is affirmed, unless exceptions be filed within thirty (30) days.

7. In accordance with the stipulation in paragraph 26, judgment is entered in favor of the Commonwealth and against Affiliated F. M. Insurance Company in the amount of $90,284.30, together with interest and costs according to law, subject to credit for the amount of tax heretofore paid; and the order appealed from is affirmed, unless exceptions be filed within thirty (30) days.

Orders affirmed.

ORDER IN 594 C.D. 1979

AND Now, this 13th day of July, 1983, the order of the Board of Finance and Revenue in the above-captioned matter is affirmed and judgment is entered for the Commonwealth and against Providence Washington Insurance Company in the amount of $26,991.09, together with interest and costs according to law and subject to credit for the amount of tax heretofore paid unless exceptions be filed hereto within thirty (30) days.

ORDER IN 2621 C.D. 1979

AND Now, this 13th day of July, 1983, the order of the Board of Finance and Revenue in the above-captioned matter is affirmed and judgment is entered for the Commonwealth and against Affiliated F. M. Insurance Company in the amount of $90,284.30, together with interest and costs according to law and subject to credit for the amount of tax heretofore paid unless exceptions be filed within thirty (30) days.