606 A.2d 1282

**EXECUTIVE LIFE INSURANCE COMPANY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1992.

Decided April 6, 1992.

William Y. Rodewald, for petitioner.

John J. Butchar, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

Executive Life Insurance Company (Executive) appeals from an order of the Board of Finance and Revenue which sustained the settlements by the Department of Revenue of a retaliatory charge for the year 1983.

Executive is a life insurance company incorporated in California and licensed to transact business in Pennsylvania. Executive filed a Gross Premiums Tax Report for 1983 with the Department of Revenue and paid the taxes due.[1]

---

1. Under the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, Section 902, *as amended,* 72 P.S. § 7902, an annual tax is assessed

At the same time, Executive filed a Retaliatory Tax Information Report which was to set forth the amount owed, calculated on the burdens that another state imposed on Pennsylvania insurance companies that Pennsylvania did not impose on foreign insurance companies operating in Pennsylvania. The report showed no charge due, reflecting Executive's belief that California imposed no different burdens on Pennsylvania companies operating in California than Pennsylvania imposed on foreign companies. However, the Department of Revenue returned a settlement notice showing a retaliatory charge due of $200,635.38. The Department of Revenue's settlement of the retaliatory charge differed from Executive's report, because the Department of Revenue included annuity considerations collected in Pennsylvania in its calculation. At that time, California imposed a tax on annuity considerations received by Pennsylvania companies which Pennsylvania did not impose on California companies transacting business here.

Executive paid the retaliatory charge stated in the settlement, but filed a petition for resettlement with the Department of Revenue Board of Appeals, contending that the retaliatory charge computation should not include annuity considerations received by Executive. The Board of Appeals denied Executive's request to resettle the retaliatory charge. Executive then petitioned the Board of Finance and Revenue, which also denied Executive's request and approved the Department of Revenue action. Executive then filed a petition for review to this court which is heard *de novo*. The parties have filed stipulated findings of fact which we adopt as our own.

As to when a retaliatory charge should be imposed upon a foreign insurance company is set forth in Section 212 of The Insurance Department Act of 1921 (Retaliatory Statute), Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. § 50. It provides:

> against every insurance company at the rate of two percent of the gross premiums received from business done within Pennsylvania.

If any other state imposes any burdens or prohibitions on insurance companies, or agents of this state doing business in such other state, which are in addition to, or in excess of, the burdens or prohibitions imposed by this Commonwealth on insurance companies and agents, like burdens and prohibitions shall be imposed on all insurance companies and agents of such other state doing business in this Commonwealth, so long as the burdens and prohibitions of such other state remain in force. In applying this section to an insurance company of another state, such company shall not be required to pay any taxes and fees which are greater in aggregate amount than those which would be imposed by the laws of such other state and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state.

. . . .

■ The purpose of the Retaliatory Statute and of similar ones enacted in almost every state is to encourage "equality of treatment between domestic and foreign corporations and to break down interstate barriers." *Commonwealth v. Fireman's Fund Insurance Company*, 369 Pa. 560, 564, 87 A.2d 255, 258 (1952). The charge is calculated to "equal the difference between the 'burdens or prohibitions' imposed by Pennsylvania on a foreign insurance company doing business in Pennsylvania and the 'burdens or prohibitions' imposed by the foreign insurance company's home state on Pennsylvania insurance companies doing business in the other state." *Providence Washington Insurance Company v. Commonwealth, Board of Finance and Revenue*, 75 Pa.Commonwealth Ct. 463, 468, 463 A.2d 68, 70–71 (1983), *affirmed* 504 Pa. 506, 475 A.2d 741 (1984) (per curiam).

## I. ANNUITY CONSIDERATIONS

Executive contends that annuity considerations should not be included in the computation of the retaliatory charge. Under Pennsylvania law, annuities are not insurance, and

therefore, Executive contends, annuities cannot be included in the computation of the retaliatory charge because the statute only refers to insurance.

■ The Retaliatory Statute is triggered, based on the first sentence, "if any other state imposes any burdens or prohibitions on insurance companies" that Pennsylvania does not impose. To be within the Retaliatory Statute computation, an obligation must be "of similar nature" to burdens or prohibitions as defined by the statute. *Fireman's Fund*, 369 Pa. at 567, 87 A.2d at 259. The Retaliatory Statute defines "burdens or prohibitions" to include "taxes, fines, penalties, licenses, fees, rules, regulations, obligations, and prohibitions, ..." A retaliatory charge then is aimed to equalize "burdens and prohibitions" imposed on "insurance companies", not on insurance or insurance premiums.

The Department of Revenue did not impose the charge because it mistakenly equated annuities with insurance, as Executive contends, but because Pennsylvania companies transacting business in California would carry a greater burden than California companies transacting business in Pennsylvania. Such inequitable treatment is the harm the Retaliatory Statute addresses by equalizing the burdens on insurance companies. Because the California tax was a burden on Pennsylvania insurance companies doing business in that state, to fulfill the purpose of the statute, the Department of Revenue properly included annuity considerations when calculating the retaliatory charge.

## II. ALL COMPANIES OF SUCH OTHER STATE

■ Executive contends that because the Department of Revenue did not impose the same charge on all companies from California, it violated the statute because the first sentence of the Retaliatory Statute states that "If any other state imposes any burdens or prohibitions on insurance companies, ... which are in addition to, or in excess of, the burdens and prohibitions imposed by this Commonwealth on insurance companies and agents, like burdens and prohibi-

tions shall be imposed on *all* insurance companies and agents of such other state ..." (Emphasis added). Executive contends that if Pennsylvania wants to impose a retaliatory charge, it must impose it on all California insurance companies doing business in Pennsylvania regardless of whether or not they collected annuity considerations in Pennsylvania.

This interpretation, however, ignores that the first sentence of the Retaliatory Statute is meant only to determine when the statute comes into play. It is the second sentence which sets forth the method for how the charge is to be applied and calculated: "In applying this section to an insurance company of another state, such company shall not be required to pay any taxes and fees which are greater in aggregate amount than those which would be imposed by the laws of such other state and any political subdivision thereof upon a like company of this Commonwealth transacting the same volume and kind of business in such other state." This sentence directs the Department to compare the burdens on an individualized basis, indicating that where, as here, a burden was imposed on some Pennsylvania insurance companies because they collected annuity considerations in California, the retaliatory charge imposed by Pennsylvania on California insurance companies should be only on those companies transacting the same kind of business, that is, collecting annuity considerations. The Retaliatory Statute thereby focuses the attention of the foreign state on its objectionable burden on Pennsylvania companies in order to fulfill the purpose of deterring that burden.

Because the Retaliatory Statute as a whole allows a different retaliatory charge to be imposed upon different companies from the same state based upon the volume and kind of business they do, the Department of Revenue did not violate the Retaliatory Statute by imposing a charge on Executive based on annuity considerations it received in Pennsylvania.

### III. CONSTITUTIONALITY OF THE STATUTE

Executive also contends that the Department of Revenue's application of the Retaliatory Statute produces an unconstitutional result under the Equal Protection Clause and the Commerce Clause of the United States Constitution, and the Uniformity Clause of the Pennsylvania Constitution, and that the Retaliatory Statute is an unconstitutional delegation of legislative power. The burden in this case was on Executive to prove the allegations that the Retaliatory Statute is unconstitutional. In order for the court to declare a statute unconstitutional, there must be evidence that the statute "clearly, plainly and palpably" violates the constitution. *Snider v. Thornburgh*, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981).

■ In the area of tax treatment, allegations of violations of the Equal Protection Clause of the United States Constitution [2] and the Uniformity Clause of the Pennsylvania Constitution [3] are analyzed in the same manner. *Aldine Apartments, Inc. v. Commonwealth*, 493 Pa. 480, 426 A.2d 1118 (1976). A classification meets an equal protection challenge if it has a reasonable basis, that is, if it is rationally related to the legitimate state purpose of equalizing and deterring burdens on interstate insurance companies. *Western & Southern Life*, 451 U.S. at 668, 671, 101 S.Ct. at 2083, 2084–85.

Executive contends that although the Retaliatory Statute itself may be constitutional,[4] the Department of Revenue

2. The Fourteenth Amendment to the United States Constitution forbids each state to "deny to any person within its jurisdiction the equal protection of the laws." Amendment XIV, Section 1.

3. Article VIII, Section 1 of the Pennsylvania Constitution, known as the Uniformity Clause, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

4. An equal protection challenge to a retaliatory statute was addressed in *Western & Southern Life Insurance Company v. State Board of Equalization of California*, 451 U.S. 648, 657, 101 S.Ct. 2070, 2077, 68 L.Ed.2d 514 (1981), where the Supreme Court decided that the applicable standard of review is that the Retaliatory Statute should be sustained if the classification is found to be rationally related to

created a subclassification by not applying the Retaliatory Statute equally to all companies from California, but only to those that collected annuity considerations, with the result that only some of those companies paid the retaliatory charge that Executive did, thereby causing an unconstitutional result under the Equal Protection Clause and the Uniformity Clause.

■ The Department of Revenue imposed the retaliatory charge on that class of companies, like Executive, that collected annuity considerations that were not collected by other California companies operating in Pennsylvania. The basis of the retaliatory charge on that class was the imposition of an annuity tax by California and the collection of annuity considerations in Pennsylvania by California companies. That treatment by California triggered the Retaliatory Statute which directs the application of the charge so that a burden is imposed on a foreign company that is comparable to the burden on the domestic company in the other state that is "transacting the same volume and kind of business in such other state." Under this statutory direction, the classification of California insurance companies that collected annuity considerations is reasonable.

Additionally, imposing a retaliatory charge only on those companies that collected annuity considerations narrows the scope of the retaliation so that California will clearly note

achievement of a legitimate state purpose and the challenged retaliatory statute, which is substantially the same as the Pennsylvania Retaliatory Statute, was sustained.

In *Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53, 59 (1971), the Supreme Court explained the principles of the Uniformity Clause:

The Uniformity Clause means that the classification by the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class.

The Supreme Court, in *Fireman's Fund,* held that the Retaliatory Statute is constitutional under the Uniformity Clause finding that the basis of the classification between domestic and foreign insurance companies was reasonable and that "foreign insurance companies are treated precisely the same as our domestic companies are treated in their state." *Fireman's Fund,* 369 Pa. at 565, 87 A.2d at 258.

that Pennsylvania is opposed to its tax on annuity considerations. Where their annuity tax is the cause of burdens on their domestic companies transacting business in other states, California may be deterred from imposing the tax. Accordingly, the Retaliatory Statute as applied to California insurance companies is constitutional under the Equal Protection Clause and the Uniformity Clause.

■ Executive next contends that the Retaliatory Statute is unconstitutional under the Commerce Clause if annuities are included, because the McCarran–Ferguson Act removes only insurance from Commerce Clause provisions.[5] The Commerce Clause implies a limitation on the power of the states to interfere with or impose burdens on interstate commerce. *Western & Southern Life*, 451 U.S. at 652, 101 S.Ct. at 2074–75.

■ In the McCarran–Ferguson Act, 15 U.S.C. § 1011, Congress removed Commerce Clause barriers to state action regulating the business of insurance.[6] In *Western & Southern Life*, after summarizing Commerce Clause applicability, the court held that the McCarran–Ferguson Act removed any Commerce Clause restriction upon the state's power to regulate and tax the insurance business. *Id.* at 655, 101 S.Ct. at 2076.

■ The Retaliatory Statute is a regulation of the insurance companies that transact business within Pennsylvania. *Fireman's Fund*, 369 Pa. at 564, 87 A.2d at 258. It equalizes the burdens on insurance companies, which includes California's tax on annuities, but it is not a tax itself. As a regulation computing a charge on insurance compa-

5. The Commerce Clause provides that "The Congress shall have power ... to regulate Commerce with foreign nations, and among the several States." U.S. Constitution, Art. I, Section 8, Clause 3.

6. The McCarran–Ferguson Act provides:
   Congress declares that the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to regulation or taxation of such business by the several States.
   Section 1, 59 Stat. 33, 15 U.S.C. § 1011.

nies, the subject of the Retaliatory Statute as a whole is the "business of insurance", which is what the McCarran–Ferguson Act protects. State regulation of the business of insurance is valid and preeminent under the McCarran–Ferguson Act. Because statutes regulating the business of insurance are protected by the McCarran–Ferguson Act from Commerce Clause scrutiny, this Retaliatory Statute is constitutional under the Commerce Clause.

Executive's last contention is that the Retaliatory Statute amounts to an unconstitutional delegation of legislative power.

■ The Pennsylvania Constitution, Article II, Section 1 provides: "The Legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." The non-delegation of legislative power is a fundamental principle implied by Article II, Section 1. The legislature may, however, confer authority and discretion in connection with the execution of existing legislation. *Commonwealth v. Cherney*, 454 Pa. 285, 289, 312 A.2d 38, 40 (1973); *Pennsylvania State Association of Township Supervisors v. Commonwealth, Insurance Department*, 50 Pa.Commonwealth Ct. 204, 213, 412 A.2d 675, 679 (1980). A legislative grant of authority is valid where it contains adequate standards to guide and restrain the exercise of the delegated function. *Cherney*, 454 Pa. at 290, 312 A.2d at 41. "In determining whether the adequate standards have been provided by the legislature, we must look to the language of the statute as a whole and its underlying purpose." *Banks Liquor License Appeal*, 78 Pa.Commonwealth Ct. 159, 162, 467 A.2d 85, 87 (1983).

■ The legislature, in the clear language of the Retaliatory Statute, set forth when the retaliatory charge is invoked, defined burdens or prohibitions, stated the maximum for the retaliatory charge, and presented the computation method. The underlying purpose of the statute to equalize burdens and deter interstate barriers by other

states could be fulfilled only if the Department had the discretion to calculate the retaliatory charge each year for each state based on the burdens that state imposed on Pennsylvania companies. The discretion granted in the calculations was curbed by the stated computation method and the maximum charge. In light of the underlying purpose and the language of the statute, there are adequate standards to guide and restrain the Department of Revenue, and the statute is not an unconstitutional delegation of power.

Having decided that the statute was applied correctly and constitutionally to Executive, we find the retaliatory charge as imposed by the Department of Revenue is correct.

## ORDER

AND NOW, this 6th day of April, 1992, the order of the Board of Finance and Revenue, Docket No. R–8794, is affirmed and judgment is entered for the Commonwealth and against Executive Life Insurance Company in the amount of $200,635.38, together with interest and costs according to law and subject to credit for the amount of charge heretofore paid unless exceptions be filed hereto within thirty days.